98   193
109   527

[18065.   Department Two. — April 25, 1893.]

R. WEILL, RESPONDENT, *v.* CHARLES LIGHT, JUSTICE OF THE PEACE, ETC., APPELLANT.

WRIT OF REVIEW — REMEDY BY APPEAL. — The writ of review cannot be granted on the petition of a party who is entitled to appeal from the order or judgment of which he complains.

ID. — ANNULLING JUSTICE'S JUDGMENT — ERRONEOUS JUDGMENT OF SUPERIOR COURT. — A judgment of the superior court, upon a writ of review annulling a judgment of a justice of the peace, will be reversed if the writ was issue and served before the time had expired within which an appeal might have been taken from the judgment of the justice's court.

APPEAL from a judgment of the Superior Court of San Joaquin County.

The facts are stated in the opinion.

*J. B. Webster,* and *L. W. Elliott,* for Appellant.

*Loutitt, Woods & Levinsky,* for Respondent.

VANCLIEF, C. — This is an appeal from a judgment of the superior court of San Joaquin County, annulling a judgment of a justice of the peace upon a writ of review.

The action in which the judgment of the justice of the peace was rendered was brought by the History Company, a corporation, against R. Weill, to recover from the defendant therein the sum of $86.70 for certain books alleged to have been sold to the defendant by the plaintiff; and a judgment by default was rendered by the justice of the peace for the sum demanded on the twenty-ninth day of January, 1892. The writ of review was issued by the superior court and served on the justice of the peace on the sixteenth day of February, 1892.

It is claimed by counsel for respondent here that the justice's court exceeded its jurisdiction, because there was no valid service of summons on the defendant Weill. On the other hand, appellant's counsel contend: 1. That service of summons was waived by an appearance of the defendant; and 2. That defendant might have appealed from the judgment of the justice's court, as the time within which such appeal might have been taken had not expired when the writ of review was issued and served.

I think this second point of appellant must be sustained; and that it is finally decisive of the case in favor of the appellant. It is too well settled to admit of doubt that the writ of review will not be granted on the petition of a party who is entitled to appeal from the order or judgment of which he complains. (*Stuttmeister* v. *Superior Court*, 71 Cal. 322, and cases there cited. See also *Heinlen* v. *Phillips*, 88 Cal. 557.)

I think the judgment should be reversed, and the superior court directed to dismiss the proceeding.

BELCHER, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed, and the superior court is directed to dismiss the proceeding.

McFARLAND, J., DE HAVEN, J., FITZGERALD, J.

Hearing in Bank denied.