[S. F. No. 2458.   Department One.—December 29, 1900.]

A. J. RAISCH, Respondent, v. SAUSALITO LAND AND
FERRY COMPANY, Appellant.

MONEY DEMAND FOR IMPROVING STREET—PERSONAL CONTRACT—ACTION IN
JUSTICE'S COURT—JURISDICTION—APPEAL TO SUPREME COURT—DIS-
MISSAL.—The justice's court has jurisdiction of an action upon a
money demand in less than three hundred dollars for improving
a street under a personal contract, where there is nothing in
the pleadings to show that the action involved the title or pos-
session of real estate, and the superior court has appellate, and
not original,  jurisdiction of such action.  An appeal from the
judgment of the superior court therein to the supreme court
will be dismissed for want of jurisdiction.

ID.—STATEMENT OF COUNSEL IN SUPERIOR COURT.—Where there was no
change of pleadings in the superior court, and there was no
matter of record showing that the case involved the title or
possession of real property, the mere statement of counsel at
the opening of the trial *de novo* in the superior court to that

effect appearing in a statement of the case is not the equivalent of, and cannot be made a substitute for, matter of record showing the nature of the jurisdiction of the court.

MOTION in the Supreme Court to dismiss an appeal from a judgment of the Superior Court of the City and County of San Francisco.    James M. Troutt, Judge.

The facts are stated in the opinion of the court.

Robert Harrison, for Appellant.

D. H. Whittemore, for Respondent.

HARRISON, J.—The plaintiff brought this action in the justice's court to recover from the defendant the sum of two hundred and ninety-nine dollars, alleging in his complaint that his assignor had entered into a contract with the defendant for the doing of certain work in improving a street in Sausalito, and that the defendant had agreed to pay the above sum therefor. The defendant answered the complaint by a general denial, and also pleaded, as a separate defense, a former judgment in its favor upon the same cause of action. The cause was tried in the justice's court and judgment rendered in favor of the plaintiff, from which the defendant appealed to the superior court upon questions of both law and fact. Upon the trial in the superior court judgment was rendered in favor of the plaintiff, from which the defendant has appealed to this court. The plaintiff now moves to dismiss the appeal, upon the ground that this court has no jurisdiction to entertain the same; that the amount of his demand being less than three hundred dollars the justice's court had jurisdiction of the case, and the judgment of the superior court upon the appeal therefrom is final. The motion is resisted by the appellant upon its claim that the case is one wherein the title or possession of real estate is involved.

The constitution gives original jurisdiction to the superior court and appellate jurisdiction to this court in all cases at law in which the title or right of possession of real estate is involved, but denies such jurisdiction in those cases at law in which the demand, exclusive of interest, is less than three hun-

dred dollars. The appellate jurisdiction of this court over the judgments of the superior court is limited to the cases in which that court is entitled to exercise original jurisdiction, and does not extend to a review of its action in which it exercises only an appellate jurisdiction. If the plaintiff's demand is less than three hundred dollars the superior court will have no original jurisdiction to try the case unless it appear upon the record before it that it involves a question of which the constitution has given it original jurisdiction. The jurisdiction of a court over any subject matter that is not included within its general jurisdiction must appear upon the record of its proceedings. A plaintiff may invoke the jurisdiction of the superior court when the title or right of possession of real estate is involved, irrespective of the amount of his money demand, by alleging that fact in his complaint and setting forth the matters out of which the question arises (*Holman v. Taylor*, 31 Cal. 338; *Copertini v. Oppermann*, 76 Cal. 181); but when his demand is for less than three hundred dollars, and he brings an action therefor in the justice's court without showing that such question is involved, if the defendant would invoke the jurisdiction of the superior court he must comply with the procedure authorized therefor. (*Boyd v. Southern Cal. Ry. Co.*, 126 Cal. 574.)

The mode in which the jurisdiction of a court may be invoked by a litigant is regulated by the legislature, and in this state is defined in the Code of Civil Procedure. Section 838 of the Code of Civil Procedure declares that the parties to an action in the justice's court cannot give evidence upon any question which involves the title or possession of real property, and that that court cannot try any issue presenting such question. It also provides that "if it appear, from the answer of the defendant, verified by his oath, that the determination of the action will necessarily involve the question of title or possession to real property," the justice must suspend all further proceedings in the action and certify the pleadings to the superior court. Under this section the justice has no authority to certify the pleadings to the superior court, nor will the superior court obtain jurisdiction of the case by his certifying them to it, unless the defendant shall have presented in the justice's

court an answer, verified by his oath, that such question is necessarily involved in the determination of the action. When the case is thus certified to the superior court the jurisdiction exercised by it is not an appellate jurisdiction, but is the original jurisdiction given it over this question by the constitution. (*Arroyo Ditch etc. Co. v. Superior Court*, 92 Cal. 47.[1]) Section 838 of the Code of Civil Procedure declares that in such case "the superior court shall have over the action the same jurisdiction as if it had been commenced therein." Over its judgment, therein rendered, this court has an appellate jurisdiction.

In the present case it in no respect appeared from the pleadings in the justice's court that the title or right of possession of real estate was involved in the action. The complaint is merely a money demand alleged to be due upon a personal contract. The defendant did not file a verified answer, nor does it appear that any evidence was offered in the justice's court upon any question which involved the title or possession of real property. The justice had no authority, therefore, and was not asked to transfer the case to the superior court, but the parties proceeded to a trial before him, in which judgment was rendered in favor of the plaintiff. From this judgment the defendant appealed to the superior court upon questions of both law and fact. The jurisdiction of the superior court to try the case was therefore an appellate and not an original jurisdiction, and it proceeded to try the case *de novo*, as required by section 976 of the Code of Civil Procedure. No amendment of its answer was asked by the defendant, nor was it made to appear to the court by any matter of record that the determination of the case would present any question involving the title or possession of real property. It is recited in the statement of the case that at the opening of the trial the attorney for the plaintiff stated that, "as the case involved the title or possession of real property, he desired that the evidence be taken by the reporter, and that the usual findings be made"; but the statement of counsel, made, as it appears, for that special purpose, is not the equivalent, nor can it be made a substitute for, matter of

[1] 27 Am. St. Rep. 91.

record, from which the jurisdiction of the court is to be ascertained. Although the proceedings at the trial in a matter in which the court had only appellate jurisdiction, cannot be considered for the purpose of determining whether it might not have had original jurisdiction if it had been properly invoked, yet we have examined the statement of the case and do not find that evidence was offered by either party upon any question which involved the title or right of possession of real estate, or that the determination of the case involved such question.

As it therefore appears from the record on appeal that the superior court was merely in the exercise of its appellate jurisdiction, it follows that the appeal from its judgment therein to this court is unauthorized.

The appeal is dismissed.

Van Dyke, J., and Garoutte, J., concurred.