[Civ. No. 2187. Second Appellate District.—December 4, 1916.]

LOUISE N. FIGHIERA et al., Petitioners, v. H. T. DEW-HIRST, Judge of the Superior Court of San Bernardino County, Respondent.

NEW TRIAL—WAIVER OF WRITTEN NOTICE OF ORDER DENYING MOTION—MOTION TO VACATE ORDER.—The statutory provision requiring service of written notice of an order denying a motion for a new trial may be waived by the adverse party, and such a waiver occurs where an application is made to set aside the order on the ground of excusable neglect of counsel in failing to be present at the time fixed for the hearing of the motion.

ID.—BILL OF EXCEPTIONS—SETTLEMENT PROPERLY REFUSED.—SERVICE AFTER EXPIRATION OF STATUTORY TIME.—*Mandamus* will not lie to compel the trial judge to settle a bill of exceptions under such circumstances, where the proposed bill was not served on the adverse party within ten days after the application for such relief, and the time was not extended.

APPLICATION for a Writ of Mandamus originally made to the District Court of Appeal for the Second Appellate District to compel the settlement of a bill of exceptions.

The facts are stated in the opinion of the court.

A. C. Vaughan, for Petitioners.

H. T. Dewhirst, *in pro. per.,* for Respondent.

CONREY, P. J.—This is a proceeding in *mandamus* to require the respondent, as judge of the superior court in and for the county of San Bernardino, to settle a bill of exceptions in an action wherein the petitioners were plaintiffs and one William F. Radis was defendant. After the entry of judgment in that action the plaintiffs in due time served and filed their notice of intention to move for a new trial, and later served and filed notice that said motion would be made on the nineteenth day of June, at 2 o'clock P. M. At that time, the attorney for plaintiffs not appearing and the attorney for defendant being present, the motion was denied. Thereafter, on July 27, 1916, the plaintiffs served on the defendant a proposed bill of exceptions. On August 2d the defendant served upon plaintiffs numerous amendments to the proposed bill of exceptions; specifying, however, together therewith his objections to the signing, settlement, and allowance of the bill and insisting that his proposed amendments were to be considered only in the event that the court should have first overruled said prior objections. These objections set forth, in addition to the facts above noted, certain other facts, including the claimed fact that the plaintiffs had actual notice of the denial of their motion for a new trial on the date thereof, to wit, June 19, 1916. It is thus made to appear (said the defendant) that since no extension of time had been granted, the proposed bill of exceptions was served and filed after expiration of the time allowed by law.

The proposed bill and amendments having been delivered to the clerk and by him to the judge, the court designated August 28, 1916, as the time for settling the bill of exceptions, and the attorneys for the respective parties were notified thereof. At the time appointed those attorneys appeared before the judge and the attorney for defendant presented his objections, including those above noted, to the settlement

of any bill of exceptions. The record does not show any definite ruling by the court upon those objections, but the hearing on that day resulted in a minute order by the court in that case as follows: "This being the time heretofore continued to for further hearing on settlement of bill of exceptions, all parties present by and with their respective counsel. Argument is heard and the court at this time disallows the bill of exceptions for the reason that same does not conform to the record." The petition for the writ in this proceeding and the respondent's answer thereto, as well as the briefs of counsel, indicate that a controversy arose between the plaintiffs' attorney and the judge respecting the correctness of the bill as proposed by plaintiffs' attorney, and that the judge was insisting that a better and more correct bill be proposed before he would make any order settling the same. Without entering into a discussion, which would necessarily be of considerable length, as to the merits of this controversy, it will be sufficient to say that the situation was not materially different from that shown in *Vatcher* v. *Wilbur,* 144 Cal. 536, [78 Pac. 14]. The following statement made in that case is applicable here: "The respondent as judge of said court was not required to sign the proposed statement as it was presented. It was his duty merely to settle it, and this implied that he should amend it, or cause it to be amended, so as to make a fair statement, where it can be done with no more labor than was here required. We think, therefore, under the circumstances of this case, it was not a proper exercise of the discretion vested in the respondent judge to require a transcription of the full reporter's notes as a condition for settling said statement."

Although at that time the judge perhaps did not rule favorably to the defendant upon his objections that the bill was proposed too late, those objections will nevertheless be considered at this time, since they were insisted upon by the defendant's attorney and were not waived by him at any time. And in respondent's answer to the petition in this proceeding he states that his present reasons for refusing to act upon the proposed bill of exceptions are not only because the petitioners have refused to amend the same as directed by him, but also because the proposed statement, or a copy thereof, was not drafted or served on said defendant within ten days

after notice of respondent's decision denying the petitioners' motion for a new trial.

It is not claimed by the respondent that any formal notice of the order denying the motion for new trial was served upon the plaintiffs or their attorney. The answer of respondent herein shows, and after hearing the argument we are assuming it to be admitted by plaintiffs, that on the third day of July, 1916, pursuant to notice theretofore served and filed by plaintiffs' attorney, the plaintiffs by their said attorney applied to the superior court to set aside the order of June 19th denying the motion for a new trial. The motion of July 3d seems to have been based upon excusable failure of plaintiffs' attorney to be present at the time set for presenting his motion for a new trial. For in connection with said motion of July 3d, plaintiffs' attorney served and filed an affidavit of the attorney, Mr. Vaughan, in which he set forth the accidental reasons which prevented his presence in the court at San Bernardino until twelve minutes after 2 o'clock on the nineteenth day of June. In that affidavit he stated that counsel for defendant had left the courtroom as affiant entered that room; "that the judge who tried the case was upon the bench, and upon entering the courtroom affiant was advised that the judge had denied the motion for a new trial because counsel for the plaintiffs herein was not present; upon receiving such information affiant explained to the court that he was delayed," etc. On July 3, 1916, said motion to set aside the order of June 19th was denied.

The Code of Civil Procedure, section 650, provides: "When a party desires to have exceptions taken at a trial settled in a bill of exceptions, he may . . . if proceedings on motion for a new trial be pending, within ten days after notice of decision denying said motion, or other determination thereof, or such further time as the court in which the action is pending or a judge thereof, may allow, prepare the draft of a bill, and serve the same, or a copy thereof, upon the adverse party. . . ." Under the terms of the statute a party whose motion for a new trial has been denied by the court is entitled to have served upon him notice of such ruling of the court; but such notice may be waived. "The rule is that in order to deprive an appellant of his right to written notice of the entry of an order or judgment, there must be facts of record clearly indicating a waiver of such notice." (*Hughes Mfg. etc. Co.*

v. *Elliott,* 167 Cal. 494, [140 Pac. 17].)   Again it was said, referring to a case where written notice of decision was required by the code: "The rule would therefore seem to be that written notice of filing of decision is in all cases required, unless waived by facts appearing in the records, files or minutes of the court; and it follows that actual notice or knowledge, other than written notice, is insufficient in any case unless it appears, from facts thus evidenced, that written notice was waived."   (*Mallory* v. *See,* 129 Cal. 356, 359, [61 Pac. 1123].)   In the case last cited it was held that by the act evidenced upon the record of obtaining an order for stay of execution, appellant had waived written notice of decision.

In the case to which the present proceedings refer, plaintiffs, on July 3, 1916, applied to the superior court for affirmative relief with respect to the order of June 19th.   At that time, if not before, their conduct constituted a definite waiver of notice of the entry of the order which they were asking the court to set aside.   This being so, in the absence of any order extending the time for serving a proposed bill of exceptions, the time therefore expired at least two weeks prior to July 27th, when the proposed bill was actually served. Any bill of exceptions settled by the judge should include a showing of these facts in order to preserve the objections of the defendant to the settlement of the bill.   Upon such a record, we are of opinion that such a bill of exceptions would necessarily be ignored in determining the merits of the appeal. This being so, to grant the writ demanded by petitioners herein would be to require the court to perform a useless act.

The petition for peremptory writ of mandate herein is denied.

James, J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 3, 1917.