[Civ. No. 2993.   Third Appellate District.—April 27, 1925.]

## H. L. NAY, Petitioner, v. SUPERIOR COURT OF NAPA COUNTY et al.,. Respondents.

[1] APPEAL — FILING NOTICE OF APPEAL — WAIVER.—The filing of a notice of appeal constitutes a written acknowledgment on the part of the appellant that he has notice of the judgment entered against him.

[2] JUSTICE'S COURT—FILING OF NOTICE OF APPEAL—WAIVER OF NOTICE FROM JUSTICE OF PEACE OF RENDITION OF JUDGMENT.—The filing of a notice of appeal from a justice's court judgment, immediately after the rendition of the judgment, waives the necessity of the justice of the peace thereafter, and within five days, serving written notice upon the appellant of the entry of the judgment from which he has already appealed.

[3] ID.—FILING OF SECOND NOTICE—TIME—DISMISSAL OF FIRST AP-
PEAL.—A notice of appeal from a justice's court judgment, which
notice is given about two months and fourteen days after the filing
of a previous notice of appeal from the same judgment, is in-
effective for any purpose, since by filing the first notice the ap-
pellant waived the giving of notice to him by the justice of the
peace; and the fact that the first appeal was dismissed by the
superior court does not alter the situation.

(1) 35 C. J., p. 773, n. 68 New.   (2) 35 C. J., p. 709, n. 99,
p. 778, n. 24.   (3) 35 C. J., p. 778, n. 27 New.

PROCEEDING in Mandamus to compel the Superior
Court of Napa County to vacate an order dismissing Jus-
tice's Court appeal. Percy S. King, Judge. Writ denied.

The facts are stated in the opinion of the court.

W. F. Cowan and A. W. Hollingsworth for Petitioner.

Wallace Rutherford for Respondents.

PLUMMER, J.—This matter is before the court upon
petitioner's application for a writ of mandate, commanding
the Superior Court of Napa County and Honorable Percy S.
King, as judge thereof, to vacate an order dismissing an
appeal by the petitioner taken by him from a judgment
entered in the justice's court of Hot Springs township, in
the county of Napa, wherein L. S. Mitchell was plaintiff and
N. R. Fowler and the petitioner, H. L. Nay, were defendants.

The facts, as they appear in the pleadings, so far as neces-
sary to be considered in the determination of petitioner's
application, are as follows: On the second day of December,
1924, after a trial had been had in the above-entitled jus-
tice's court, in the foregoing entitled action pending therein,
judgment was rendered and entered against the petitioner;
thereafter, and on the said second day of December, 1924,
the petitioner, H. L. Nay, defendant in said action, filed in
said justice's court, with the justice of the peace thereof,
a notice of appeal to the Superior Court of the County of
Napa, from the judgment then and there rendered and
entered against him. Said notice of appeal is in the follow-
ing words and figures, to wit:

(Title of court and cause.)

"Take notice that the defendant H. L. Nay in the above-entitled action hereby appeals to the Superior Court of the County of Napa from the judgment therein made and entered in the said Justice's Court, on the 2nd day of December, 1924, in favor of said defendant and against said and from the whole of said judgment. This appeal is taken on questions of law and fact both law and fact.

"Yours, etc.,

"A. W. HOLLINGSWORTH,

"Attorney for Appellant.

"To the Justice of said Justice's Court, and ———, Esq.,
Attorney for Respondent.

"Dated December 2, 1924."

On the same day an undertaking was filed in the sum of $100 to cover costs of such appeal. Within due time thereafter, all the records, papers and files in said action were transmitted by the justice of the peace of said justice's court to the clerk of the Superior Court of the County of Napa, and were filed by him as records of said Superior Court. Thereafter, and on the sixteenth day of February, 1925, upon motion of the plaintiff in said action, upon good and sufficient grounds which we need not consider, the Superior Court of the County of Napa entered its order dismissing said appeal; that thereafter, and on the sixteenth day of February, 1925, the petitioner in this case filed a second notice of appeal in the justice's court of Hot Springs township, in the county of Napa, in said action, which notice of appeal is as follows:

(Title of court and cause.)

"To the Justice of said Justice's Court and said Plaintiff and
His Attorney.

"You will please take notice that the defendant H. L. Nay in the above-entitled action, hereby appeals to the Superior Court of the County of Napa from the judgment therein made and entered in the said Justice's Court on the 2nd day of December, 1924, in favor of said plaintiff and against said defendant, and from the whole of said judgment.

"This appeal is taken on both questions of law and fact.

"Dated February 16th, 1925.

"A. W. HOLLINGSWORTH,

"Attorney for Appellant."

And, at the same time, filed an undertaking to cover costs of appeal; that thereafter, and within five days, all the records and files of said cause were again transmitted by the justice of the peace of said justice court to the clerk of the Superior Court of Napa County, which attempted appeal was, after motion duly made therefor on the sixteenth day of March, 1925, dismissed by the said Superior Court of the County of Napa.

No question is made herein as to the order of the Superior Court, in relation to the dismissal of petitioner's appeal dated February 16, 1925. The attack is directed as to the second order of dismissal. In the consideration of this order, only one question is involved, to wit: the fact that the justice of the peace of Hot Springs township did not execute and deliver to or serve upon the petitioner a written notice of the judgment made and entered by him in the case of *Mitchell* v. *Fowler* and the petitioner herein, and, therefore, that the petitioner was within the time allowed by law in filing his second notice of appeal.

The petitioner relies upon section 893 of the Code of Civil Procedure, which, so far as this matter is concerned, reads: "Notice of the rendition of judgment must be given to the parties to the action in writing signed by the justice. . . . Said notice shall be served by mail or personally, and shall be substantially in the form of the abstract of judgment required in section eight hundred and ninety-seven of this code," and also upon section 974 of the same code, which gives to any party dissatisfied with a judgment rendered in a civil action in the justice's court thirty days after notice of the rendition of judgment within which to appeal. The answer to this contention is found in the action of the petitioner, which, we think, conclusively shows a waiver of the right to be notified in writing by the justice of the peace of the judgment entered against him. Section 3513 of the Civil Code reads: "Anyone may waive the advantage of a law intended solely for his benefit. But a law established for a public reason cannot be contravened by a private agreement." We do not think it necessary to go into an extended discussion of why the legislature provided for the giving of written notice further than to say that it was evidently for the purpose of preventing anyone from being deprived of the rights given him by the codes, which

might be exercised by the dissatisfied party, after the entry of the judgment, and that there should be a definite record that the dissatisfied party had notice of the entry of such judgment, and that it was incumbent upon him to exercise the rights given him by the codes within a definite period thereafter.

[1] The filing of a notice of appeal constitutes a written acknowledgment on the part of the appellant that he has notice of the judgment entered against him. [2] In this case the petitioner, immediately after the rendition of the judgment referred to, filed his notice of appeal, which certainly obviated and waived the necessity of the justice of the peace thereafter, and within five days, serving written notice upon him of the entry of the judgment from which he had already appealed.

This very question has been recently decided by the supreme court of this state in *Hughes* v. *DeMund,* 195 Cal. 242 [233 Pac. 94]. The court was there considering the question of the running of time for the performance of a certain act, and used the following language: "No notice of the entry of judgment is shown to have been given, but the filing by defendant of a notice of appeal on April 2 was the equivalent thereof for the purpose of starting this time running. (*Fighiera* v. *Dewhirst,* 32 Cal. App. 245 [162 Pac. 655]; *Mallory* v. *See,* 129 Cal. 356, 359 [61 Pac. 1123]; *Timmons* v. *Coonley,* 39 Cal. App. 35 [179 Pac. 429].)"

It has been decided a number of times that where the statute requires written notice, actual notice is not sufficient, but these cases and a number of authorities which might be cited, show that where a party entitled to a written notice, files a notice of appeal, or some paper necessitating further proceedings in the action, such proceeding constitutes a waiver on his part of the giving of the notice prescribed by the statute. [3] In view of the authorities above cited, it must be held in this case that the petitioner, by filing his notice of appeal in the justice's court on the second day of December, 1924, waived the giving of notice to him by the justice of the peace, and, therefore, that his second notice of appeal was ineffective for any purpose. The fact that the first appeal taken by the petitioner, the defendant in the action referred to, was dismissed by the Superior Court does

not alter the situation. We think the writ should be denied, and it is so ordered.

McDaniel, J., *pro tem.*, and Finch, P. J., concurred.

A petition by petitioner to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 25, 1925.

All the Justices present concurred.