DARREL McMURTRY, Appellant, v. JOHN LUCERO, Respondent.

Thomas E. Reynolds for Appellant.

Warren K. Taylor and Alice R. Taylor for Respondent.

VAN DYKE, P. J.—Respondent Lucero has moved to dismiss an appeal purportedly taken from an order of the Superior Court of Yolo County, by which order that court dismissed an appeal taken to it from a judgment rendered in the Justice Court of the Davis Judicial District. The action was based upon an open book account in the sum of $85.81 and was, therefore, within the original jurisdiction of the justice court under section 112a of the Code of Civil Procedure. The case was tried in the justice court, resulting in a judgment for defendant and the plaintiff, appellant here, attempted to take an appeal to the superior court on questions of both law and fact. Upon the ground that the bond required to perfect such an appeal had not been filed within the time allowed therefor the superior court granted a motion to dismiss the appeal. Appellate jurisdiction in respect to the judgment rendered in the justice court was vested in the superior court. (Cal. Const., art. VI, § 5.) When the superior court made its order dismissing the appeal it was exercising its appellate jurisdiction. This court does not have appellate jurisdiction in an action arising in a justice court wherein an appeal lies to the superior court.

(*Bartnett* v. *Hull,* 19 Cal.App. 91, 95 [124 P. 885] ; *Pool* v. *Superior Court,* 2 Cal.App. 533 [84 P. 53] ; *Unemployment Reserves Com.* v. *St. Frances Homes Assn.,* 58 Cal.App.2d 271 [137 P.2d 64] ; *Harris* v. *Moore,* 102 Cal.App. 413 [283 P. 76].) The motion to dismiss the appeal attempted to be taken to this court, therefore, must be granted. Appellant cites two cases in support of his claimed right of appeal. They are *Heinlen* v. *Phillips,* 88 Cal. 557 [26 P. 366], and *Weill* v. *Light,* 98 Cal. 193 [32 P. 943]. These authorities are inapplicable. In both cases the appeal was taken from an order made by the superior court in the exercise of original jurisdiction in certiorari, whereby that court vacated orders of a justice's court made in excess of jurisdiction. The distinction is noted in *Raisch* v. *Sausalito Land & Ferry Co.,* 131 Cal. 215, 216 [63 P. 346], where in dismissing an appeal attempted to be taken from a judgment of the superior court rendered in an action arising in the justice's court which had been appealed to the superior court on questions of both law and fact the Supreme Court said:

"The constitution gives original jurisdiction to the superior court and appellate jurisdiction to this court in all cases at law in which the title or right of possession of real estate is involved, but denies such jurisdiction in those cases at law in which the demand, exclusive of interest, is less than three hundred dollars. The appellate jurisdiction of this court over the judgments of the superior court is limited to the cases in which that court is entitled to exercise original jurisdiction, and does not extend to a review of its action in which it exercises only an appellate jurisdiction."

The motion to dismiss the appeal herein is granted.

Peek, J., and Schottky, J., concurred.