[Civ. No. 5704.   Fourth Dist.   Nov. 22, 1957.]

JOHN W. GOLDEN, Respondent, v. STANSBURY,
INCORPORATED (a Corporation), Appellant.

Ball, Hunt & Hart and Donald B. Caffray for Appellant.

Mahlum & DeBord and T. L. DeBord for Respondent.

GRIFFIN, J.—On September 27, 1956, a money judgment was rendered, on account of work performed by plaintiff for defendant, in the Justice Court of Barstow Judicial Township, San Bernardino County, in favor of plaintiff. On October 11, 1956, a notice of appeal was filed by defendant in said justice court and a copy was served on plaintiff through his attorneys of record.   No notice of rendition of judgment was served or filed.   On November 5, 1956, counsel for defendant received a letter from the clerk of said justice court reading in part:

"I have all the papers pertaining to the case of John W. Golden vs Stansbury, Incorporated, ready to send to the County Clerk on your Appeal.

"At this time I am waiting for the $9.00 dollar filing fee that has to go with the papers, if you will send a cashiers check made out to the Clerk of the Superior Court, I will send it with the balance of the papers and not send it thru the trust fund."

Pursuant to said letter, counsel for defendant, on November 6, 1956, sent to the clerk of said justice court a cashier's check for $9.00, payable to the clerk of the Superior Court of San Bernardino County. A letter dated November 9, 1956, was received by counsel for defendant from plaintiff's counsel, reciting:

"I have been advised that you have recently paid the Superior Court filing fee in the appeal of the above cited decision.

"I have advised the Clerk of the Justice Court that the payment of this fee is not timely and that the appeal cannot proceed . . .

"If you still wish to have this appeal made to the Superior Court, please advise the Clerk of the Justice Court who, on my request, is holding the matter in suspense."

Thereafter, counsel for defendant telephoned the clerk of the justice court and ordered the papers sent forward to the clerk of the superior court. She then forwarded the necessary papers and cashier's check made payable to the clerk of the superior court. On November 16, the clerk of the justice court sent counsel for defendant a letter indicating that the county auditor's office advised her the superior court could not accept a filing fee directly from counsel's office, and it must go through the justice court office, into a trust fund, and then be transferred to the superior court. The clerk of the justice court admitted she was not acquainted with the proper procedure in this respect. The clerk of the superior court held the papers pending this transaction. Counsel for appellant then forwarded a money order for $10.00 covering necessary costs payable to the clerk of the justice court. The clerk of the justice court then forwarded the necessary fees to the clerk of the superior court. When they reached said superior court clerk it was more than 30 days after the filing of the notice of appeal. Thereafter, plaintiff filed in the superior court a notice of motion to dismiss the appeal on the ground the payment of the fee to

the superior court was not timely. On January 21, 1957, the judge of the superior court held that the error of the justice court clerk in demanding the wrong amount and in designating the wrong payee was an error not committed in the performance of a ministerial act and could not excuse defendant in perfecting its appeal by payment of the filing fee to the superior court within the time required by law. He relied upon sections 974 and 981 of the Code of Civil Procedure; *Simmons* v. *Superior Court*, 30 Cal.App. 252, 254 [157 P. 817] ; *Johnson* v. *Superior Court*, 28 Cal.App. 618 [153 P. 404] ; *Bray* v. *Redman*, 6 Cal. 287; and *Gunn* v. *Superior Court*, 73 Cal.App.2d 564, 567 [166 P.2d 906].

. It is defendant's contention that the appeal was perfected when the clerk of the justice court received the $9.00 cashier's check payable to the clerk of the superior court, on a day well within the 30-day limitation; that the justice court waived the additional transfer fee of $1.00 by failure to demand it; and that the appeal was perfected so as to vest jurisdiction in the superior court, and that such jurisdiction could not be lost by mere failure of the justice court clerk to transmit the filing fees to the clerk of the superior court, citing *Pacific States Corp.* v. *Superior Court*, 72 Cal. App. 241, 244 [236 P. 938] ; and *Nay* v. *Superior Court*, 72 Cal.App. 443 [237 P. 566].

█ Although neither counsel raised the question of the jurisdiction of this court to review a decision of the superior court on an appeal from a justice court judgment, we cannot rightfully assume jurisdiction unless authorized by the Constitution of this state (art. VI, § 4b; *Unemployment Reserves Com.* v. *St. Francis Homes Assn.*, 58 Cal.App.2d 271 [137 P.2d 64].) This section of the Constitution provides that the appellate jurisdiction of this court is limited to certain cases including cases at law where the superior courts are given *original jurisdiction*. It is apparent that the case out of which this order arose originated in the justice court, and the ruling here attempted to be reviewed arose out of that proceeding. The final determination of such an appeal is in the superior court. (Cal. Const., art. VI, § 5; Code Civ. Proc., § 980c; *Unemployment Reserve Com.* v. *St. Francis Homes Assn., supra*; *Portnoy* v. *Superior Court*, 20 Cal.2d 375 [125 P.2d 487] ; *Thomasian* v. *Superior Court*, 122 Cal. App.2d 322 [265 P.2d 165].

Directly in point is *McMurtry* v. *Lucero*, 122 Cal.App.2d 636 [265 P.2d 164], involving an order of dismissal of an

appeal from the justice court by the superior court for a similar reason. The court quoted from *Raisch* v. *Sausalito Land & Ferry Co.,* 131 Cal. 215 [63 P. 346], which said:

"The appellate jurisdiction of this court over the judgments of the superior court is limited to the cases in which that court is entitled to exercise original jurisdiction, and does not extend to a review of its action in which it exercises only an appellate jurisdiction." (See also 3 Cal.Jur.2d p. 451, § 38.)

Ordinarily, it is not the function of a reviewing court to direct the procedure or policy of a litigant. If an order is not appealable, a reviewing court has no jurisdiction to hear the appeal, although the same question may be susceptible of determination by the issuance of an appropriate writ. (*Unemployment Reserves Com.* v. *St. Francis Homes Assn.,* 58 Cal.App.2d 271 [137 P.2d 64].) The attempted appeal from the order must be dismissed.

Appeal dismissed.

Barnard, P. J., and Mussell, J., concurred.