## THE SECOND MUNICIPALITY v. CORNING et al.

Where a defendant admits his liability for a part of a claim, and pays that portion into court, for which plaintiffs take judgment, reserving their right to the balance, which is less than the amount necessary to authorize an appeal, the defendant cannot appeal from a judgment against him for the balance.

Whenever the constitutionality or legality of a tax imposed by a municipal corporation is in question, an appeal will lie without reference to the amount in dispute; but where the contest is as to the application and execution of an ordinance imposing such a tax, or the liability of an individual to pay it, the right to an appeal depends on the amount in dispute.

Sec. 10 of the ordinance of the general council of New Orleans, approved by the mayor on the 16th December, 1846, establishing an uniform rate of taxes, on hawkers, merchants &c., does not authorize the imposition on each partner in a banking house, or firm, making the purchase and sale of bills of exchange its principal business, of the whole amount of the tax, without regard to his residence in the State. The tax is imposed on the business, and not upon the individual members of the firm, unless they are permanent residents, or sojourners within the State. The authority of the general council to enact that ordinance depends exclusively on the stat. of 12 January, 1842 ; and the power of the State itself to lay taxes only extends to persons and property within its jurisdiction.

APPEAL from the Third District Court of New Orleans, *Kennedy*, J. *E. T. Parker* and *W. H. Hunt*, for the plaintiffs. *T. A. Clarke*, for the appellant. The judgment of the court (*Slidell*, J. dissenting as to the question of jurisdiction,) was pronounced by

EUSTIS, C. J. The defendants, Corning and John Egerton, are sued for the sum of four hundred dollars, under the allegation that the firm of Corning & Co. of which they are members, is liable to the tax imposed by the general council on bankers, or persons buying and selling bills of exchange, as their principal business in New Orleans. The defendants admitted the liability of the partnership to the tax, which was two hundred dollars, and tendered that amount, which was paid into court. The plaintiffs took judgment for that amount, without impairing their rights for the balance, which were expressly reserved in the judgment. A trial was afterwards had to determine the further indebtedness, and the plaintiffs had judgment against the two defendants for one hundred dollars each, and costs ; from which the latter have appealed.

The mode of proceeding, by which judgment for the part of a debt acknowledged to be due may be taken, with a reservation of the rights of the plaintiff for the balance claimed, has been sanctioned in several cases. *Parsons* v. *Suarez*, 9 La. 413. *Small* v. *Zacharie*, 4 Robinson, 145. *Skinner* v. *Dameron*, Robinson, 447. But it is obvious that the judgment for a part of a debt leaves nothing but the remainder in dispute between the parties, and a defendant cannot call in question the judgment which he has confessed. The Code of Practice expressly prohibits an appeal in such a case. Art. 567. The amount in dispute in this suit is, therefore, not sufficient to give this court jurisdiction.

But it is contended that the appeal can be sustained, because the legality of the tax imposed is drawn in question. In the case of the *Third Municipality* v. *Blanc*, 1 An. R. p. 386, we held our jurisdiction to be confined to

SECOND.
MUNICIPALITY,
*v.*
CORNING.

the question of the legality and constitutionality of taxes &c. imposed by municipal corporations; and that, as to their application and execution, such questions remained exclusively with the ordinary tribunals, this court having jurisdiction on the appeals in cases only in which the amount in dispute vested the jurisdiction. The legality of this tax can, therefore, be examined.

The ordinance imposing it is to this effect: Article 10th. All private bankers, and all persons buying and selling bills of exchange as their principal business, and all persons carrying on both the private banking and exchange business, shall pay a tax of two hundred dollars. This article is not to apply to the ordinary money and exchange brokers comprehended in the 9th article, &c.

The construction contended for by the counsel for the plaintiffs, that each partner in a banking house or firm making the purchase and sale of bills of exchange its principal business, is liable to the whole amount of the tax, without regard to the place of his residence, presents consequences which appear repugnant to all ideas of justice and sound policy. Many of these establishments are connected with others in different commercial capitals, and have numerous parties in interest in the concerns. A banking partnership would not be on the same footing with a resident banker, and where the number of partners is great would be subjected to so heavy a tax as to render its doing business in this city impossible.

The construction which the counsel for the defendant puts upon this article of the ordinance is, that it imposes the tax on the business or function, and not upon the individual members of the firm, unless they are present, and we think this construction is strengthened by other articles of the ordinance imposing taxes on theatres, &c. A reference to the statute under which the tax was laid appears to remove every doubt as to its meaning.

The power of the general council to pass the ordinance, it is admitted, depends exclusively on the act of the legislature of the 12th of Jan., 1842, which provides that; "The powers heretofore conferred on the general council of the city of New Orleans shall be so construed, as to authorize them to fix the rate that shall be levied as an annual, or other tax, or license, on and to be paid by all brokers, merchants, traders, wholesale and retail dealers, hotels, boarding houses, theatres, theatrical and other like performances, grog shops, bar rooms, cabarets and all other callings, professions, business, to be collected under the authority of the council of the different municipalities, on such persons vending within their respective limits, and exercising said callings, professions or business, and whether such persons be permanent or transient residents in the said city of New Orleans."

The authority exercised by the general council in laying taxes is derived from a special grant of power, and there is no warrant for extending this power beyond the objects specified. The acknowledged power of the State itself to lay taxes extends to the persons and property within its jurisdiction. *Brown* v. *The State of Maryland,* 12 Wheaton, 441. Civil Code, article 9. We have been referred to no authority shewing that it extends further. The concluding paragraph of the section of the act of 1842 quoted, seems to us to confine the power granted within its just and proper limits, and not to purport to operate upon persons other than permanent residents or sojourners. On general principles, according to the rules by which the by-laws of municipal corporations are always construed, in reference to the mode in which the taxing power has been uniformly exercised in this State, and elsewhere, as we believe, and under the statute by virtue of which the ordinance was enacted, no other construction can be given to

the article than that which is in conformity with the fair intendment of the statute itself. Under that construction, which renders residents, whether permanent or transient, to use the very words of the statute, liable to the tax for the business of banking and buying and selling bills of exchange, we find nothing illegal in the ordinance.

In establishing the true construction of the article imposing this tax, we virtually exclude every other, and decide against that which is assumed by the plaintiffs, and which has been recognized by the district court in the judgment against each of the defendants for the amount of the tax. The firm of *Corning & Co.* is established in New Orleans, and both the defendants were engaged in buying and selling exchange as charged in the petition. *Corning* resides in New York, and *Egerton* resides in New Orleans.

The tax we find to be lawful. *Corning* has been condemned to pay a tax which he did not owe, not that the tax itself was illegally imposed, but because it did not apply to him. The amount is not sufficient to enable this court to take cognizance of the appeal; the only decree we can make is, to dismiss it.

*Appeal dismissed.*