POLICE JURY OF THE PARISH OF JEFFERSON *v.* MANUEL VILLAVIABO.

The Supreme Court is without jurisdiction to determine whether an ordinance of a municipal corporation levying a tax, or imposing a fine, forfeiture, or penalty, less than $300, has or has not been repealed by an Act of the State Legislature.

APPEAL from the District Court of Jefferson, *Burthe,* J.
*Purvis & Dugué,* for plaintiff.   *B. C. Elliott,* for defendant and appellant.

MERRICK, C. J.   This suit was brought to recover of the defendant two hundred dollars, under an ordinance of the Police Jury of said parish, on account of retailing spiritous liquors, as the keeper of a coffee house, without a license.

It is evident that this court can only consider the legality of the ordinance in question and not the facts upon which the decision rests.

The defendant's counsel arrives at the illegality of the tax by the following reasoning :

"We assert," he says, "that said proceedings (of the Police Jury) are irregular, and of no binding force and effect for this.   The Legislature of the State has defined the mode to be pursued by Police Juries of the several parishes, in assessing and collecting taxes on property, professions, &c.   Revised Statutes, p. 410, sec. 20 : 'The Police Juries of the several parishes of this State, before they shall fix and decide on the amount of taxes to be assessed for the current year, shall cause to be made out an estimate exhibiting the various items of expenditure, and shall cause the same to be published in one newspaper published in the parish at least thirty days before the meeting to fix and decide on the amount of taxes to be assessed as aforesaid.'   Sec. 17: 'A vote of a majority of all the members elect of the Police Juries shall be required to levy any parish tax, and in levying any parish taxes the Police Jury shall levy a uniform *per centum* on every species of property, trade or profession.'

"Now, it will be seen," so the counsel continues, "that the ordinances under which the plaintiff proceeds is of date anterior to 1849, and by the Act of the Legislature (1856) quoted above and now in force, is virtually repealed; the Act of the Legislature requiring a yearly assessing and levying of taxes on trades, professions, &c., and a condition precedent, in the making and publishing of a statement of the various items of expenditure, and at least thirty days before the meeting to fix and decide the amount of taxes to be raised as aforesaid.

"The ordinance under which they sue is obsolete and has no legal existence. They have not passed the ordinance for the current year, have not made out and published the yearly statement, as required, thirty days before passing any ordinance levying or fixing the tax on professions, trades, &c. ; and, lastly, they have not, in accordance with law, by a vote of the majority of all the members elect of the Police Jury, laid, fixed, or levied, the tax on professions, &c."

From this statement of defendant's case it appears, that the question which he desires to submit to us is whether the ordinance contained in a pamphlet

printed in 1849, which he presents with his brief, was *repealed* by the Act of the Legislature in 1856. This court has not jurisdiction to revise the *construction* which the lower court may have put upon the latter Act by its decree in this case. The court could only consider the legality or constitutionality of the Act, and not a mere question of repeal. See *State* v. *Third Justice of the Peace of New Orleans*, 12th An.

The defendant's counsel further considers, that the bringing of the suit is itself a license to the defendant to retail spiritous liquors for a year. The bringing of the suit was a fact, and the District Court alone was authorized to make deductions from the facts, and this court cannot revise its findings.

In conclusion, we see no ground presented by the appellant, which will justify us in assuming jurisdiction in this case.

It is, therefore, ordered, adjudged and decreed by the court, that the appeal in this case be dismissed, at the costs of the appellant.

SPOFFORD, J., dissenting. I think the question, whether an ordinance of a municipal corporation levying any tax or imposing any fine, forfeiture, or penalty, has been repealed by an Act of the State Legislature, is a question within the appellate jurisdiction of this court, although the matter in dispute does not exceed $300. *Constitution, Article* 62.