POLICE JURY<br>*v.*<br>VILLAVIABO.

printed in 1849, which he presents with his brief, was *repealed* by the Act of the Legislature in 1856. This court has not jurisdiction to revise the *construction* which the lower court may have put upon the latter Act by its decree in this case. The court could only consider the legality or constitutionality of the Act, and not a mere question of repeal. See *State* v. *Third Justice of the Peace of New Orleans*, 12th An.

The defendant's counsel further considers, that the bringing of the suit is itself a license to the defendant to retail spiritous liquors for a year. The bringing of the suit was a fact, and the District Court alone was authorized to make deductions from the facts, and this court cannot revise its findings.

In conclusion, we see no ground presented by the appellant, which will justify us in assuming jurisdiction in this case.

It is, therefore, ordered, adjudged and decreed by the court, that the appeal in this case be dismissed, at the costs of the appellant.

SPOFFORD, J., dissenting. I think the question, whether an ordinance of a municipal corporation levying any tax or imposing any fine, forfeiture, or penalty, has been repealed by an Act of the State Legislature, is a question within the appellate jurisdiction of this court, although the matter in dispute does not exceed $300. *Constitution*, *Article* 62.

---

THE STATE ex rel. GREGORY and CAROLINE OSER *v.* THE THIRD JUSTICE OF THE PEACE OF THE PARISH OF ORLEANS.

Where the amount in controversy does not exceed $300 the Supreme Court is without jurisdiction, unless the case involves the constitutionality or legality of some tax, toll, or impost, or of some fine, forfeiture, or penalty of a municipal corporation. Such a case is not presented in a suit by the farmer or lessee of a market to recover the dues or rents of stands in such market, as fixed by ordinance of the Common Council of New Orleans.

If laws and ordinances of a municipal corporation, not unconstitutional in themselves, are misapplied by the inferior tribunal, it is not in the power of the Supreme Court to relieve the parties where the amount involved is insufficient to give jurisdiction.

ON Application for a *Mandamus* to the Third Justice of the Peace of the city of New Orleans. *J. W. Dirrhammer*, for the Relator.

MERRICK, C. J. A rule has been taken against the defendant to show cause why a writ of *mandamus* should not issue against him, to compel him to rescind an order setting aside an appeal to this court, which he had previously allowed the relators in four suits before him, wherein he had rendered judgment against them and in favor of one *Tourné*.

In answer to the rule, the defendant shows for cause why said *mandamus* should not issue, that said cases were instituted by the farmer of the St. Mary's Market for the recovery of dues owing to him, for the rent of two coffee stands in said market; that the defendants were the occupants and tenants of the stands, and the dues were payable daily; that on the failure of relators to pay their *per diem* rent, suits were brought at the end of each week amounting to the sum of twenty-four dollars, and that he considered that the cases could not come under the provisions of Art. 62 of the Constitution, as they involved merely an ordinary question of rent due for the occupation of two stands in the market of which the plaintiff was the rigtful farmer and lessee.

STATE

THIRD JUST:CE.

It is clear, that the matters in controversy are not within our appellate jurisdiction, unless these cases bring in contestation the constitutionality or legality of some tax, toll, or impost, or of some fine, forfeiture or penalty imposed by a municipal corporation.

The answer of the defendant, which is not controverted, shows that none of the above questions were before the lower court for trial. But if we look into the petition of the relators, to ascertain the grounds of their complaint, we find, that they complain that ordinance No. 3372 of the Common Council of New Orleans is illegal and unconstitutional as being *ex post facto*, and especially contrary to Article No. 105 of the Constitution of the State.

The ordinance is in these words: "Resolved, that the provisions contained in Article 33 of the ordinance No. 418, approved November 20th, 1852, so far as relates to coffee stands, be made to apply to all the public markets in this city. Provided, that this resolution shall not be construed in such manner as shall impair or interfere with the right and privilege of any lessees of said markets. And provided further, this resolution shall not be construed so as to conflict with any of the provisions contained in ordinance No. 2458, approved November 29th, 1855."

No. 33 of ordinance 418 is in these words : "Art. 33. That the farmers or lessees of the vegetable markets of the Second District shall not be entitled to collect other dues than those hereinafter mentioned, viz: For each vegetable table of four feet, and each stand for the sale of poultry, game, bread, fruit, fifteen cents : it being understood for every table or stand situated at the end of any of the rows of the tables in the market, the farmer shall be entitled to charge twenty cents, and it shall be the duty of the Surveyor to designate which are corner tables ; and for each coffee stand one dollar."

It is apparent from an examination of these ordinances, *that they do not per se impose ex post facto any fine, forfeiture*, or *penalty*.

If laws and ordinances, not unconstitutional in themselves, have been misapplied by the inferior tribunal for want of a correct appreciation of the facts in cases where the amount involved is under three hundred dollars, it is not in the power of this court to relieve the parties. See case of *Board of Health* v. *Pooley, Nicol & Co.*, 11th An., 743.

As in these cases we have no power to revise the facts, this court at least is bound to suppose they have been rightfully determined.

Rule discharged at the costs of relators.