'A'. A. DE LONG, United States Collector, Appellant, v. A. HAINES et al., Respondents.

### No. 3935; April 4, 1864.

**Supreme Court—Jurisdiction not Retrospective.**—The jurisdiction of the supreme court, for the purposes of a particular appeal, remains as of the time when the appeal was taken.

**Supreme Court.—The Jurisdiction Given the Supreme Court,** where the validity of a tax is impeached, does not go to the reviewing of a case where the question is, not the validity of the tax, but whether the court appealed from had the power to impose a penalty for not paying it.

APPEAL from County Court of Amador.

R. M. & N. C. Briggs for appellant; S. B. Axtell for respondents.

SAWYER, J.—The plaintiff, as collector of internal revenue, brought this action under the revenue laws of the United States in the court of a justice of the peace for the county of Amador, to recover the sum of fifteen dollars due for a peddler's license, and the sum of forty-five dollars as a pen-

alty for peddling without a license—sixty dollars in the aggre-
gate. The defendants appeared and moved to dismiss the
action, on the ground that the court had no jurisdiction of the
subject matter, for the reason that the cause of action arose
under an act of Congress, and that Congress had no power to
confer jurisdiction upon a state court, and on the further
ground that two causes of action were improperly joined. The
justice denied the motion. The defendants then answered,
denying that they were partners, and denying that they had
peddled or sold goods without a license, and that they had
incurred any penalty under the act. A. Haines, one of the
defendants, then alleges affirmatively that he had "taken out
a license as required by law for himself and his partner Sam
Haines under the style of Haines Bros." This is the whole
answer.

On the issues thus presented a trial was had before a jury,
a verdict returned, and judgment rendered in favor of the
plaintiff.

The defendants appealed to the county court, and in that
court the motion to dismiss upon the same ground relied on
in the court below was renewed, and the motion granted, the
court holding that it could not take jurisdiction. From the
judgment of dismissal an appeal is taken to this court.

The respondent insists that this court has no jurisdiction to
entertain the appeal, for the reason that the amount in dis-
pute is less than two hundred dollars, and that on this ground
the appeal must be dismissed. By article 6, section 4, of the
old constitution—which was in force at the time this appeal
was taken—the jurisdiction of this court was limited to cases
"where the matter in dispute exceeds two hundred dollars,"
and cases "in which the legality of any tax, toll or impost, or
municipal fine is in question," and criminal cases amounting
to felony. Clearly, the court has no jurisdiction unless the
legality of a tax, etc., is in question.

Admitting that the sum of fifteen dollars demanded for the
peddler's license is a tax, within the meaning of this provision
of the constitution, we do not see that the legality of the tax
is in any way in question. The question presented was a pre-
liminary one, not depending upon the merits of the case. It
was a question as to the jurisdiction of the court to entertain
the case, raised upon the face of the complaint itself, and the

suit was dismissed for want of jurisdiction of the subject matter. The question presented by the record had no reference whatever to the legality of the tax, it was simply a question as to the forum in which the proceedings should be had to enforce the payment. If we go behind this point and look at the pleadings, we find that the answer raised no question as to the legality of a tax within the meaning of the constitution. It did not question the validity of the law, or deny that the right to the sum claimed would attach upon a proper state of facts. It only denied the fact of peddling without a license, and alleged that the party peddling had procured a license. But the only question brought before this court for review by the record is, Did the court below, admitting the defendants to be liable, have jurisdiction of the subject matter? Was it competent for that court to administer the remedy? This does not in our opinion bring in question the legality of a tax, toll or impost, and admitting for the purpose of the argument that the court below had jurisdiction, the amount in controversy being less than two hundred dollars, this court has no jurisdiction to entertain an appeal. The conclusions we have reached on this question precludes a decision upon the question raised by the appellant.

The appeal is dismissed.

We concur: Sanderson, C. J.; Rhodes, J.; Shafter, J.; Currey, J.