STANDARD OIL COMPANY *et al.* v. C. H. ANGEVINE.

No. 11027.

PRACTICE, SUPREME COURT—*Error from Courts of Appeals.* Chapter 101, General Statutes of 1897, (Gen. Stat. 1889, ¶¶ 2521–2555,) prohibits the sale of intoxicating liquor except for medical, scientific and mechanical purposes, and chapter 118, General Statutes of 1897, (Gen. Stat. 1889, ¶¶ 2996–3002,) exempts certain property other than intoxicating liquor from sale upon legal process for the payment of debts. The question whether, in view of these two provisions of the law, intoxicating liquor may be sold · upon execution in satisfaction of a judgment is one which involves the interpretation and not the constitutional validity of a statute, and therefore it cannot be brought from the court of appeals to this court as a matter of right.

Error from court of appeals, northern department; JOHN H. MAHAN, ABIJAH WELLS, and SAM'L W. MC-ELROY, judges. Opinion filed January 7, 1899. Dismissed.

*Ellis, Reed, Cook & Ellis,* and *W. S. Cannon,* for plaintiffs in error.

*Pulsifer & Alexander,* for defendant in error.

The opinion of the court was delivered by

DOSTER, C. J.: The principal plaintiff in error, the Standard Oil Company, as a judgment creditor of the defendant in error, C. H. Angevine, issued an execution on its judgment and caused it to be levied on a stock of intoxicating liquors belonging to the debtor. The liquors were sold under the execution, whereupon the defendant, Angevine, brought an action for damages for the wrongful conversion of his property. He recovered judgment for $102 in the district court. This judgment was affirmed by the court of appeals. Error is now prosecuted to this court. The counsel for plaintiffs in error contend that the sale of intoxicating liquors upon legal process for the satisfaction of debts is not forbidden by the prohibitory amendment to the constitution, nor by the statute enacted in pursuance thereto; because, as they say, to hold otherwise would be to extend the operation of the exemption laws to an additional class of property, a thing not warranted in their view by sound rules of interpretation of the constitution and statute in question. They ask:

"Was it intended by the adoption of such amendment, and the enactment of this statute, to extend the exemption laws without limitation as to value of property privileged from levy and sale for debts?

Was it intended thereby to debar the state from the right to levy and collect a tax upon such property, and thus to impose upon it, in proportion to its value, its just share of the public burden? Was it intended to make intoxicating liquors rightfully in the hands of administrators, assignees for the benefit of creditors, and trustees in bankruptcy, regardless of their value, absolutely worthless as assets from which to pay the debts of the estate?''

The claim is that inasmuch as none of the statutes relating to the exemption of property from seizure and sale for debts, taxes, etc., in terms includes intoxicating liquors, such liquors, therefore, may be sold upon execution, as in this case. From this it is obvious that the question brought to this court is one of statutory interpretation and not of constitutional right. The inquiry does not relate to the validity of a statute but to the rules by which it shall be construed. The determination of this inquiry does not of necessity draw in question the prohibitory amendment, either for purposes of the construction of its language or the enforcement of its provisions. The statute is precisely the same as the constitution. (Gen. Stat. 1897, ch. 101, § 1 ; Gen. Stat. 1889, ¶ 2521.) This statute does not derive its efficacy from the constitution. It could have been enacted without the previous adoption of the prohibitory amendment. The controversy therefore arises upon the statute, and nowise upon the prohibitory amendment. Evidently realizing this, counsel for plaintiff in error seek to discover a repugnancy between the statute and section 16, article 2, of the constitution, which reads : '' No law shall be revived or amended, unless the new act contain the entire act revived, or the section or sections amended, and the section or sections so

amended shall be repealed." It is claimed that the
statute is ineffectual to add intoxicating liquors to the
list of property exempt from seizure and sale, because
to do so would be a repeal *pro tanto* of the general ex-
emption laws, or an amendment or addition thereto,
none of which can be done without an express repeal
or amendment of such general exemption laws.   The
argument is that under section 16, article 2, of the
constitution, the only method by which the general
exemption laws could be amended and repealed *pro
tanto* was by specifying the section amended, distinctly
changing its language, and then repealing the old law;
that inasmuch as nothing of that kind was done the
general exemption laws necessarily stand in letter and
spirit as they existed before the enactment of this
statute.

It has been repeatedly held that the constitutional
provision above quoted does not prohibit repeals or
amendments of existing statutes by implication.
(*Stephens v. Ballou*, 27 Kan. 594; *Comm'rs of Norton
Co. v. Shoemaker*, 27 id. 78; *The State v. Cross*, 38 id.
700, 17 Pac. 190; *The State v. Studt*, 31 id. 245, 1 Pac.
635; *The State v. Guiney*, 55 id. 532, 40 Pac. 926; *The
State v. Countryman*, 57 id. 815, 48 Pac. 137.)   The
supreme court of Nebraska has held that a constitu-
tional provision in terms the same as ours above
quoted "has no application to acts complete in them-
selves and not in their effect simply amendatory.
Such complete acts are valid, although they may
modify or destroy the effect of previous legislation."
(*Van Horn v. The State*, 46 Neb. 62, 64 N. W. 370.)   If,
therefore, the statute enacted in pursuance of the
prohibitory amendment to the constitution of this
state has the effect of adding intoxicating liquors to
the list of property exempt by other statutes from

seizure and sale, it is one which may be rightfully allowed without violating section 16 of article 2 of the constitution. Construing the statute as adding intoxicating liquor to the list of property exempt from seizure and sale does not make such statute repugnant to the prohibitory amendment to the constitution, but on the contrary harmonizes the statute with the constitution. The constitution prohibits the sale of intoxicating liquors except for medical, scientific and mechanical purposes. The effect of the statute is to prohibit their sale for the payment of debts, sales for which purpose are not within any of the constitutional exceptions. It is apparent, therefore, that our attention has been challenged to no question of constitutional right, but only to a question of statutory interpretation. Upon such question the plaintiff in error has no right of appeal to this court. Section 14 of the act creating courts of appeals (Laws 1895, ch. 96, Gen. Stat. 1897, ch. 84) allows proceedings in error to this court as a matter of right only "in any case involving the tax or revenue laws of this state, or the title to real estate, or the constitution of this state, or the constitution, laws or treaties of the United States." The case brought here "involving" none of these questions, it will therefore be dismissed.