[L. A. No. 11580.  In Bank.—September 27, 1929.]

G. L. MOYE, Appellant, v. NATIONAL SURETY COM-
PANY (a Corporation), Respondent.

Joseph L. Call and Wm. G. Allen for Appellant.

Bailie, Turner & Lake and Frederick W. Lake for
Respondent.

LANGDON, J.—A petition for hearing in this court after
decision by the District Court of Appeal, Second Appellate
District, Division One, was granted in this case to permit
of further consideration of the questions involved upon the
appeal, because they included an attack upon the validity of
a recent constitutional amendment.  After careful con-

sideration, we are in accord with the decision of the District Court of Appeal, written by Justice Frederick W. Houser, and adopt as and for the opinion of this court, said decision which is as follows:

"On motion to dismiss appeal. There are two judgments of the superior court, and two appeals, in form; but in substance, they are one judgment and one appeal, and will be so considered for the purposes of this decision.

"The action upon which the proceeding before this court is predicated was upon a bond executed and delivered within the city of Los Angeles. Plaintiff originally filed a complaint in the county of Ventura. On motion presented by defendant to the superior court of that county, the place of trial was changed from Ventura county to the municipal court of the city of Los Angeles, in which court a trial resulted in judgment for plaintiff. On appeal to the superior court of the county of Los Angeles from the judgment, and from an order made after judgment, the judgment and order of the municipal court were reversed and the case was remanded to the municipal court with directions to enter a new judgment in favor of the defendant and against plaintiff. From the judgment in the superior court plaintiff has appealed to this court, and the present proceeding is a motion to dismiss the appeal on the ground that this court is without jurisdiction to entertain or act upon the appeal attempted to be taken.

"It is contended by the defendant that under the provisions of sections 4b and 5 of article VI of the Constitution as amended in 1928, this court has no jurisdiction of the appeal. In resisting the motion to dismiss the appeal plaintiff urges that, inasmuch as the cause of action was 'transitory,' the superior court of Ventura county had jurisdiction thereof. The argument seems to be that as he would have had a right of appeal to this court from a judgment of the superior court of Ventura county if a judgment had been rendered against him in that court, he has a right of appeal to this court from the judgment when rendered against him by any other court to which the cause was transferred. We fail to see that any such conclusion follows. The action having been transferred to the municipal court, the right of appeal from its judgment was in no re-

spect different from the right of appeal from any other judgment of that court.

"Plaintiff also maintains that section 4b of article VI of the constitution is violative of the 14th amendment of the Constitution of the United States, which guarantees 'to each person the equal protection of the laws.' In principle, the case of *Missouri* v. *Lewis*, 101 U. S. 22 [25 L. Ed. 989], is decisive of the point against plaintiff's contention. See, also, *Hayes* v. *Missouri*, 120 U. S. 68 [30 L. Ed. 578, 7 Sup. Ct. Rep. 350, see, also, Rose's U. S. Notes]; *Zikos* v. *Oregon R. & N. Co.*, 179 Fed. 893.

"Finally, plaintiff urges that because at the time the action was commenced (which was prior to the adoption of the constitutional amendment to which reference has been had) he had a right of appeal to this court, such right could not be taken from him by subsequent legislative or constitutional enactment. However, aside from other considerations, it is clear that, so far as the instant matter is concerned, as the constitutional amendment in question related to a change in remedy only, the point advanced by appellant is not well taken. (*People* v. *Bank of San Luis Obispo*, 159 Cal. 65 [Ann. Cas. 1912B, 1148, 37 L. R. A. (N. S.) 934, 112 Pac. 866]; *Pacific Gas Radiator Co.* v. *Superior Court*, 70 Cal. App. 200 [232 Pac. 995].)"

The motion to dismiss the appeals is granted and the appeals are dismissed.

Shenk, J., Richards, J., Curtis, J., Seawell, J., and Waste, C. J., concurred.

PRESTON, J., Concurring.—I concur in this judgment. But in order to prevent confusion between this cause and the opinion in the case of *Johnston* v. *Wolf* (L. A. No. 11443), *post*, p. 286 [280 Pac. 980], it should be specially noted that the cause of action here arose within the jurisdiction of the Municipal Court of Los Angeles.

This is not a case arising in a county where no Municipal Court exists and transferred under section 398 of the Code of Civil Procedure to a Municipal Court for trial.

Under the reasoning of *Johnston* v. *Wolf, supra,* I take it the right of appeal in such a case would not be abridged by transfer to a Municipal Court for trial and judgment.