# Wytheville.

## TOWN OF COLONIAL BEACH v. M. M. DeATLEY.

June 12, 1930.

Absent, Campbell and Holt, JJ.

The opinion states the case.

*George Mason* and *R. O. Norris, Jr.*, for the plaintiff in error.

*W. T. Mayo*, for the defendant in error.

Epes, J., delivered the opinion of the court.

This is an action by motion for judgment, brought by Mrs. M. M. DeAtley against the town of Colonial Beach to recover damages which she alleges were caused by the town shutting off the supply of water from a hotel operated by her in Colonial Beach, which is served with water and sewerage by said town municipal water and sewerage systems.

The jury found a verdict against the town for $300.00, which the town moved the court to set aside on the ground that it was contrary to the law and evidence and because the damages awarded were excessive. The court overruled the motion to set aside the verdict on the ground that it was contrary to the law and evidence; but being of opinion that the damages were excessive, put the plaintiff on terms to release $100.00 of the amount of the verdict or submit to a new trial. To this the plaintiff agreed, and the court entered judgment against the town for $200.00. To this judgment a writ of error and supersedeas was allowed to the town.

The case is now before this court on the motion of the

defendant in error to dismiss the writ of error as having been improvidently awarded, on the ground that the amount in controversy is less than $300.00 (section 6337, Code Va. 1919).

The case of *Hansbrough* v. *Stinnett*, 22 Gratt. (63 Va.) 593, has no application to this case. It is clear from the record in the case at bar that the court's action in this regard was a *bona fide* effort to protect the rights of the plaintiff in error from the entry of a judgment against it for an excessive amount of damages. The reduction of the amount of the verdict was not in fraud of the jurisdiction of this court.

This court has no jurisdiction to hear and determine this cause unless it has jurisdiction irrespective of the amount in controversy.

The town of Colonial Beach, however, contends that this court has jurisdiction to hear and determine this case because it is provided by section 6336, Code Va. 1919, that any person who thinks himself aggrieved by any judgment * * * * In a controversy concerning * * * the right of the State, county, or municipal corporation to levy tolls or taxes * * * irresspective of the amount involved ' * * * may present a petition * * * for a writ of error or supersedeas to the judgment.

The facts pertinent to this contention of the town are as follows:

The town of Colonial Beach owns and operates a water and sewerage system for supplying water to and disposing of the sewerage of its residents, for which service it makes a charge fixed by ordinance of the town. In the case of hotels the town ordinance provides for a minimum yearly charge for water and sewerage, payable in advance, which entitles the customer to the use of 1800 gallons of water per month, and for an addi-

tional charge per 1,000 gallons for all water used over that amount. Another ordinance of the town provides as follows:

"Be it enacted by the town council of Colonial Beach, that the water and sewer year begin October 1st of each year and that the said. bills must be paid in advance as one bill and that on October 31st of each year, the town sergeant must get a list of all persons who have failed to pay their water and sewer bill then due and proceed to cut off the water supply, which shall remain cut off until all bills have been paid in full plus one dollar for turning water off for non-payment of said bills."

The first and second counts in Mrs. DeAtley's notice of motion for judgment charge that the town of Colonial Beach had negligently and carelessly shut off the water from her hotel on several different occasions in 1927 and on May 30, 1928, by which she had been caused pecuniary loss; but we are not here concerned with these counts. The point here made by the town is based upon the allegations contained in the third count of the notice with reference to the cutting off of the water for non-payment.

Mrs. DeAtley was charged by the town of Colonial Beach $78.54 for water in excess of 1,800 gallons per month used by her in her hotel, "Hotel DeAtley," during the year ending September 30, 1927. This bill remained unpaid on October 31, 1927, and was not paid until after the water had been shut off from her said hotel on August 12, 1928, though on or about November 10, 1927, she paid the minimum water and sewerage charges against her for the year ending September 30, 1928, which were payable in advance.

The town made repeated demands upon Mrs. DeAtley for the payment of this bill of $78.54 for excess

water used during the year ending September 30, 1927, but without success. Finally on or about August 11, 1928, the town again demanded payment of the bill and advised Mrs. DeAtley that if it was not paid, it would shut off the water from her hotel; but she refused to pay the bill on the ground that she had been charged with more water than she had used, and threatened to sue the town if it cut off her water supply to enforce payment thereof.

On August 12, 1928, the town did shut off her water supply for non-payment of said bill, and it remained shut off until the following day, when Mrs. DeAtley paid the bill under protest, and the water was cut on.

The third count of Mrs. DeAtley's notice of motion for judgment relates to the shutting off of the water for non-payment and alleges that on August 12, 1928, the town and its servants and agents "wickedly, wantonly, and *unlawfully* contriving to injure" her in her business, "forcibly, willfully and *unlawfully*" shut off the water from her hotel and thereby caused her great loss and damage.

The specific contention of the town of Colonial Beach is that charges by a town for water supplied by the town to its residents is a toll, and that the allegation in said third count that the town had "*unlawfully*" shut off the water from the premises of Mrs. DeAtley, makes this a controversy concerning the right of the town to levy tolls.

A careful examination of the record shows that no question was raised in the court below or has been raised in this court as to the right of the town of Colonial Beach to make charges against its residents for supplying them with water and sewerage, or with reference

to the validity of the ordinances of the town of Colonial Beach providing for such charges and / or the collection thereof.

There is no contention made by Mrs. DeAtley that the town did not have the right to make correctly computed water charges against her for water used by her and cut off her water supply for non-payment thereof; but that she did not owe the amount demanded of her, because her meter had been incorrectly read and she had been erroneously charged with more water than she had used, and that, therefore, the charges against her were unlawful, and being unlawful the town did not have the right to cut off her supply of water as a means of enforcing the payment of this bill, the amount of which was *bona fide* in dispute.

At the request of the plaintiff the court gave the following instruction, which was not excepted to by the defendant:

"The court instructs the jury that by the terms of the town ordinance the sergeant had no right to turn off the water from plaintiff's hotel on the night of August 12, 1928, and to keep it turned off until she paid the excess water charge unless they believe from the evidence in the case that the sum of $78.54 alleged to be due for excess water used was actually due and payable on October 1, 1928, or the plaintiff had agreed to its correctness and promised to pay the sum alleged to be due by the town."

At the request of the defendant the court gave the following instruction, which was not excepted to by the plaintiff:

"If the jury believe from the evidence that the town of Colonial Beach had adopted an ordinance by which the annual payment for water and sewerage was fixed as of October 1, 1927, and that at this time there was

due and payable in advance the flat annual rate and the amount due for all water used in excess of the amount provided for under the flat rate from October 1, 1926, to October 1, 1927, and that unless the amount due in advance and the amount actually due for excess water used the year preceding October 1, 1927, was paid before November 1, 1927, that the town authorities had under their ordinance a right to cut the water off until the current water bill and the amount actually due for excess water used the preceding year, were paid, the court instructs the jury that such ordinance seems not only a proper method of enforcing payment but a reasonable police regulation as well, and if they also believe that on November 1, 1927, M. M. DeAtley did owe the town for current water rent and excess water used the preceding year, and continued so to owe said town until August 12, 1928, then the court instructs the jury that the town had a right to cut off the water on August 12, 1928, and to keep the same cut off until the amount actually due was paid, and M. M. DeAtley cannot recover for said water being so cut off.''

We are of opinion that this record presents no controversy concerning the right of the town to levy tolls or taxes; and that the judgment being for less than $300.00 this court has no jurisdiction in the premises.

The writ of error is, therefore, dismissed as having been improvidently awarded.

*Dismissed.*