[Civ. No. 12251.   First Dist., Div. One.   Apr. 20, 1943.]

UNEMPLOYMENT RESERVES COMMISSION, Respondent, v. ST. FRANCIS HOMES ASSOCIATION (a Corporation) Appellant.

Grover O'Connor for Appellant.

Earl Warren, Attorney General, Robert W. Kenny, Attorney General, John J. Dailey and Clarence A. Linn, Deputies Attorney General, and Forrest M. Hill, Miriam E. Wolff and Paul M. Joseph for Respondent.

WARD, J.—The appeal herein by defendant is noted as an appeal to the Supreme Court from a "decision, order, judgment and decree" of the Appellate Department of the Superior Court of the City and County of San Francisco which it claims "purported to reverse a purported judgment" of the municipal court in its favor. The notice of appeal also sets forth that defendant appeals from the order made by the three judges "purportedly acting as the Appellate Department of said court . . . denying the petition of said Defendant for a rehearing."

The complaint was filed in the Municipal Court of the City and County of San Francisco to recover sums aggregating $478.68 as taxes, alleged to be delinquent, and interest at the rate of 12 per cent per annum from the respective delinquent dates. The action was tried on an agreed statement of facts, and judgment was rendered in favor of defendant and against plaintiff in all respects. Plaintiff appealed to the appellate department of the superior court where the matter was again submitted on an agreed statement of facts, and after hearing argument thereon that department reversed the judgment. It did so in the following terms: "WHEREFORE, it

is ordered, adjudged and decreed by the court that the judgment made and entered in the Municipal Court of the City and County of San Francisco, State of California, in the above entitled cause be and the same is hereby reversed. Appellant to recover costs.'' Subsequently a petition for rehearing was denied.

█ Plaintiff, respondent herein, states that appellant raised the issue of the jurisdiction of the municipal court for the first time on the petition for rehearing before the appellate department of the superior court. Jurisdiction of a trial court may be raised when ''lack of jurisdiction appears.'' (Code Civ. Proc., sec. 396; see, also, sec. 89 of the same code.)

The particular question of jurisdiction, and the other points raised on this purported appeal, namely, ''Does a case for the collection of a tax involve the legality of the tax'' under a claim of exemption from the particular tax, etc., will hereafter be given attention.

█ The appellate department of the superior court has final jurisdiction on appeal of all cases arising in the municipal court. (Cal. Const., art. VI, sec. 5; Code Civ. Proc., pt. 1, tit. 1, ch. 5, art. 2; Code Civ. Proc., pt. 1, tit. 1, ch. 4.) Appellant contends that upon the appeal in the present proceeding, the appellate department of the superior court acquired original jurisdiction of the action and that the order made by such appellate court is appealable to the Supreme Court, which in turn by transfer conferred jurisdiction upon the District Court of Appeal. The District Court of Appeal may hear and decide matters and proceedings pending in the Supreme Court but transferred (Const., art. VI, sec. 4b) to the District Court of Appeal, but neither the appeal nor the transfer confers jurisdiction if lacking in the first instance.

█ On appeal, the jurisdiction of the Supreme Court and the District Courts of Appeal is confined to an appropriate order of affirmance, modification, reversal, an order for a new trial, or direction that further proceedings be had (Cal. Const., art. VI, sec. 2; Code Civ. Proc., sec. 53) subject, under certain circumstances, to taking *additional* evidence for the purpose of making findings contrary to or in addition to those of the trial court (Code Civ. Proc., sec. 956a), but not in the sense of a retrial. A retrial in the superior court as such, or in a trial department thereof, may be had under the provisions of sec. 396, Code Civ. Proc., supra, or a trial de novo

after appeal under the provisions specifically set forth in Code Civ. Proc., secs. 973-982a. (*Redlands etc. Sch. Dist.* v. *Superior Court,* 20 Cal.2d 348 [125 P.2d 490].) ▮ The appellate department of the superior court does not have jurisdiction "on such appeals as require a retrial in the superior court" (Code Civ. Proc., sec. 77b), and hence may not render the same or a different order, judgment or decree of its own, but is confined to an affirmance, modification or reversal of the judgment etc. of the trial (in this case municipal) court. If the superior court does not conduct a new trial, but merely affirms or reverses a judgment its appellate jurisdiction is similar to that of any appellate court. (*Portnoy* v. *Superior Court,* 20 Cal. 2d 375 [125 P.2d 487].)

▮ The order made by the appellate department of the superior court that the judgment "is hereby reversed" is not an appealable order. It is not a judgment in favor of, or against, the respective parties, but simply an order revising a judgment of the municipal court, a matter in which the superior court did not exercise original jurisdiction. There was not only a lack of original jurisdiction in the appellate department of the superior court, but its decision was concededly made without reference to the question of jurisdiction. By failure to object, the parties hereto could not clothe the court with original jurisdiction over the subject matter.

▮ The appellate jurisdiction of a reviewing court over the orders of a superior court is limited to matters in which the latter court is clothed with original jurisdiction, and does not extend to actions or proceedings in which it exercises only the appellate function. ▮ An order of the appellate department of the superior court reversing an order or judgment of the municipal court, or an order denying a petition to rehear the order of reversal, is not an appealable order. (Code Civ. Proc., sec. 963.)

It has been urged that the form of the order or judgment of the superior court is immaterial; in other words, that it is the substance and not the form of presentation of a matter to a state reviewing court which controls. So far as we have been able to discover from the cases cited, the appeals from the inferior to the superior court were direct to the superior court as such wherein original or concurrent jurisdiction existed, and not, as in this proceeding, an appeal from a judgment rendered on an appeal to the appellate department of

the superior court without power to conduct a trial de novo (Code Civ. Proc., sec. 77b, *supra.*)

█ A reviewing court may have jurisdiction of the parties and of the cause of action, but it is essential that it exercise such jurisdiction in the proper manner. (*Fortenbury* v. *Superior Court,* 16 Cal.2d 405 [106 P.2d 411]; *Spreckels S. Co.* v. *Industrial Acc. Com.,* 186 Cal. 256 [199 P. 8].) It is true that often in the interest of expedition of litigation, the form of presentation adopted by a litigant, particularly in the matter of writs, is disregarded. It is also true that in the absence of statutory provision a reviewing court will adopt or establish a method of review in a matter within its jurisdiction, but this does not mean that a litigant may arbitrarily select the method of presentation. █ If an order is not appealable, a reviewing court has no jurisdiction to hear the appeal though the same question may be susceptible of determination by the issuance of an appropriate writ. The fact that the respondent herein is anxious to have the main question decided by this court does not confer jurisdiction to determine that issue *on this appeal.* In *City of Madera* v. *Black,* 181 Cal. 306 [184 P. 397], no objection was made to the jurisdiction of the superior court. The case was within its original jurisdiction. The court took jurisdiction and determined the case on its merits. A motion to dismiss in the Supreme Court was denied. In the present case, without original jurisdiction the appellate department assumed appellate jurisdiction. Whatever was said in *Johnston* v. *Wolfe,* 208 Cal. 286 [280 P. 980], the court concluded that original jurisdiction was given to the superior court, and appellate jurisdiction to a higher reviewing court.

The right of appeal, or the availability of an appropriate writ, in matters originally instituted in inferior courts and subsequently appealed or transferred to the superior court, has been definitely determined in this state. In *Redlands etc. Sch. Dist.* v. *Superior Court, supra,* the court said (pp. 355, 351): ''The distinction which is made between the exercise of true appellate jurisdiction by the superior court and the exercise of its new trial jurisdiction on appeal (that is, a distinction between appellate jurisdiction in its ordinary sense and derivative jurisdiction) serves to complicate the relationship between the justices' courts and the superior courts in many ways. It is, nevertheless, a distinction which cannot be ignored in view of the many cases which have passed upon

the point. . . . After an appeal to the superior court from a judgment in a justice's court as provided in Code of Civil Procedure, sections 973-982, no further appeal to the higher courts of the state exists in cases such as the present one under our constitutional and statutory provisions. (Const. art. VI, secs, 4, 4b, 5; Code Civ. Proc., secs. 973-982; 6 Cal.Jur. 10-Yr. Supp. 699-701.) If, therefore, the superior court has exceeded its jurisdiction in this case, the absence of a speedy and adequate remedy by appeal or otherwise entitles petitioners to a writ of review for the purpose of annulling the action of the superior court.'' (See, *Couldthirst* v. *Southern Pac. R. R. Co.*, 49 Cal.App. 525 [193 P. 796].) In *Raisch* v. *Sausalito Land etc. Co.*, 131 Cal. 215, 216, 217 [63 P. 346], the court said: ''The appellate jurisdiction of this court over the judgments of the superior court is limited to the cases in which that court is entitled to exercise original jurisdiction, and does not extend to a review of its action in which it exercises only an appellate jurisdiction.'' In *City of Santa Barbara* v. *Eldred,* 95 Cal. 378, 381 [30 P. 562], the court said: ''But entirely disregarding the action of the lower court upon the jurisdictional question, appellant carried the case to the superior court by appeal upon questions of both law and fact, and proceeded to trial upon the merits. The proper procedure certainly would have been for the superior court to have set aside the judgment, and ordered the police court to remand the cause, in accordance with section 838, heretofore cited. Under such a course, the superior court would have obtained jurisdiction of the cause in the regular and orderly way, and upon the right to appeal to this court, there could be no question.'' In *Moye* v. *National Surety Co.,* 208 Cal. 279 [280 P. 982], on an appeal to the Superior Court of Los Angeles County from a judgment of the municipal court, the Supreme Court considered the contention that the latter court had no jurisdiction on a subsequent appeal under the provisions of sections 4b and 5 of art. VI of the Constitution, as amended in 1928. A motion to dismiss was granted. (See *Herbold* v. *Atchison etc. Ry. Co.,* 117 Cal.App. 430 [4 P.2d 184].)

If the municipal court had jurisdiction herein, then the determination of the appellate department of the superior court is final and the case is not appealable to the Supreme

Court. (Calif. Const., art. VI, sec. 5.) If the superior court had original jurisdiction it did not exercise it.

Ordinarily it is not the function of a reviewing court to direct the procedure or policy of a litigant. In this case, bearing in mind that appellant has so strenuously and earnestly argued that there should be a determination of the main question involved in this purported appeal, and in view of the fact that respondent sees ''no bar to this court's appellate jurisdiction in the form of the Superior Court's judgment''; and in further view of the importance of the question, and with the purpose of expediting the final determination of the litigation without the necessity of the issuance of a writ directed to the municipal court by a court of superior jurisdiction, may we suggest that upon affirmance of the judgment by the appellate department of the superior court, this case is automatically returned to the municipal court. Appellant contends: ''As the Municipal Court did not have any jurisdiction over the case, that Court should, when it appeared from the pleadings *or on the hearing* that the case involves the legality of a tax, have transferred the case to the Superior Court.'' Respondent urges that the municipal court properly exercised jurisdiction.

The solution of this problem turns upon whether this controversy involves ''the legality of any tax, impost, assessment, toll or municipal fine'' as those words are used in section 89 of the Code of Civil Procedure in denying to municipal courts jurisdiction over such controversies. It is our opinion that if the ''legality of any tax'' is here involved, the municipal court had no jurisdiction, and that whenever that fact appeared—whether in the pleadings or at the trial—it was the duty of the municipal court to transfer the cause to the superior court under the mandatory provisions of section 396 of the Code of Civil Procedure.

Prior to 1933 it had been held that where the complaint did not disclose that the legality of a tax was involved, and the answer was unverified or merely denied that the defendant was liable for the amount sued for, no case involving the legality of a tax was involved. (*De Long* v. *Haines,* 1 Cal. Unrep. 120; *Williams* v. *Mecartney,* 69 Cal. 556 [11 P. 186].) The rule of those cases was specifically changed when sec. 396 of the Code of Civil Procedure was amended in 1933. That section now provides that if an action is properly commenced in the municipal court so far as the pleadings are concerned,

but it thereafter appears "at the trial, or hearing, that the determination of the action or proceeding . . . will necessarily involve the determination of questions not within the jurisdiction of the court, in which the action or proceeding is pending, the court, whenever such lack of jurisdiction appears, must suspend all further proceedings" and transfer the action to the superior court.

The complaint in this case, filed in the municipal court, merely alleged that the defendant is an "employer" as such term is used in the taxing act, (Ch. 352, Stats. 1935, as amended 1937, referred to as Unemployment Reserves Act) and that it has not paid the tax for which recovery is sought. The amount sought ($478.68) is within the monetary jurisdiction of the municipal court. The complaint did not disclose that the "legality of any tax" was involved, so that as far as the complaint is concerned, the action was within the jurisdiction of the municipal court. But the answer "denies that said defendant ever has been an 'employer' within the definition of that term" as set forth in the taxing act. Whether defendant's employees were agricultural or horticultural workers, or whether they could be classified as domestic servants, were questions directly involved in the issues raised by the complaint and answer; that is, whether they were subject to the provisions of the tax.

The exact nature of the controversy as developed in the municipal court is made clear by the provisions of the taxing statute and the provisions of the Agreed Statement of Facts upon which this appeal is taken. It appears that sec. 9 of the taxing act specifically excludes from its operation "agricultural labor" and "domestic service in a private home." From the Agreed Statement of Facts it appears that the taxing authorities, purporting to exercise their rule making authority, in January of 1936 adopted a series of rules purporting to define the above quoted terms. Under the definitions then adopted, the appellant was not subject to the tax. Thereafter, in February of 1937, the taxing authority purported to amend the rules so as to redefine the terms, which then attempted to include appellant within the definition of a taxable employer. The major controversy is, whether the taxing power properly adopted its amended rules, which, in turn, depends upon the proper legal interpretation of the terms as used in the act.

Thus, the controversy in the municipal court involved the validity of the amended rules and the interpretation of the taxing statute. The question thus presented is whether such a controversy involves the "legality of any tax" as those words are used in sec. 89 of the Code of Civil Procedure denying jurisdiction over such a controversy to the municipal court. The attorney general argues that the phrase applies only to cases involving the "legality" of the taxing statute, and does not apply to cases involving the validity of the levy of the tax as applied to a particular taxpayer—that is, does not apply to a case where the question is whether a particular taxpayer, or a particular tax, comes within the taxing statute.

To reach the construction contended for by the attorney general, it is necessary to read into the phrase "legality of any tax" the word "statute", so that the phrase would read "legality of any tax statute." The phrase under consideration is "the legality of any tax"; not "the legality of any tax *statute.*" ▮ The "legality" of a "tax" is involved when the taxpayer contends that the tax is illegally assessed or levied against him. It is the essence of the contention of the taxpayer in such a situation that the tax is illegal. To say that such a case does not involve the "legality" of a "tax," is to fail to give effect to the language used in the statute.

Practical considerations lead to the same conclusion. The provision was inserted in the Municipal Court Act for the same reason that the Supreme Court is given, by art. VI, sec. 4, of the Constitution, appellate jurisdiction of such cases. The intent was that municipal courts should not decide such cases because there would then be no appeal to the higher appellate courts. Most tax cases are test cases. Few involve the validity of the statute. Most tax cases involve the interpretation of the taxing statute and the legality of a levy against a particular taxpayer. It is in the public interest that the Supreme Court should decide such cases in order that such questions can be finally determined for the entire state. If it should be held that municipal courts have jurisdiction of such cases with appeal to the appellate department of the superior court there would be no way of securing a decision that would be binding authority in the state. On close questions there would always be the possibility of conflicting decisions with consequent confusion in the enforcement of tax statutes. It was undoubtedly for these reasons that the Legis-

lature saw fit to deny jurisdiction of such cases to municipal courts. [13] The provisions of the Constitution, or of a statute, should receive a practical, rather than a technical, construction (*Reuter* v. *Board of Supervisors*, 220 Cal. 314 [30 P.2d 417]); one leading to a wise policy rather than of "mischief or absurdity." (*Bakkenson* v. *Superior Court*, 197 Cal. 504, 510 [241 P. 874]; see, also, *McMillan* v. *Siemon*, 36 Cal.App. 2d 721 [98 P.2d 790].)

As was said in *City of Madera* v. *Black, supra,* p. 311, in referring to the very phrase in question: "The general purpose of that provision [imposing a tax or impost] obviously is to give to the sovereign power of the state, whether exercised generally or locally, the protection of having the legality of any exaction of money for public uses or needs cognizable in the first instance in the superior courts alone. In view of this purpose, it is apparent that the words used should be applied in their broadest sense with respect to moneys raised for public purposes or needs. The conclusion necessarily follows that the particular charge here involved comes within the constitutional provision and that any case in which the legality of such a charge is involved is within the exclusive original jurisdiction of the superior court. Upon the filing of the answer it fully appeared that the legality of the charge was involved in the action. The recorder should thereupon have certified the papers and transferred the cause to the superior court." The phrase appears in the constitutions and statutes of several of the states. There are a few states that have followed the lead of Arizona (*State v. Downen,* 17 Ariz. 365 [152 P. 857]; *Fee* v. *Arizona State Tax Commission,* 55 Ariz. 67 [98 P. 2d 467]) and hold that the phrase "legality of any tax" limits jurisdiction to cases involving the legality of the taxing statute, and does not extend jurisdiction to cases involving the legality of the levy or assessment. Other states have followed the well reasoned cases in Louisiana (*State ex rel. Grosjean* v. *Standard Oil Co. of La.,* 182 La. 577 [162 So. 185]; *State* v. *Whitehead Motor Co.,* 179 La. 710 [154 So. 912]; *State* v. *Armbruster,* 174 La. 41 [139 So. 753]; *State* v. *Rosenstream,* 52 La.Ann. 2126 [28 So. 294]), and hold that while the phrase in question does not extend jurisdiction over cases involving merely the computation of the tax, it does extend jurisdiction over cases involving the validity of the levy and the interpretation of the taxing statute. (See, gen-

erally, *Unemployment Compensation Commission* v. *Harvey,* 179 Va. 202 [18 S.E.2d 390] ; *City of Independence* v. *Hindenach,* 144 Kan. 414 [61 P.2d 124, 107 A.L.R. 645] ; *Bank* v. *County Court,* 36 W.Va. 341 [15 S.E. 78].) For reasons already stated, we believe that, if the language involved be given its ordinary meaning, there can be no doubt but that cases involving the legality of a particular levy fall within the phrase.

From the foregoing it follows that the municipal court had no jurisdiction to try the issue presented. Exclusive trial jurisdiction of the controversy rests in the superior court. That jurisdiction has never been exercised. As the case now stands, it was erroneously tried in the municipal court, and appealed to the appellate department of the superior court. That court, in the exercice of its appellate jurisdiction, reversed the municipal court. The cause now rests in the municipal court. Under the mandatory provisions of section 396 of the Code of Civil Procedure that court must now transfer the cause to the superior court so that the latter court may exercise its original trial jurisdiction. The purported trial in the municipal court and the purported appeal to the appellate department of the superior court were void as beyond the jurisdiction of the respective courts.

The Supreme Court and the District Courts of Appeal being without jurisdiction to entertain the present appeal, it is ordered dismissed.

Peters, P. J., concurred.

KNIGHT, J., Concurring and dissenting.—I concur in that portion of the foregoing opinion which holds that no appeal lies from the judgment of reversal rendered by the appellate department of the superior court and that therefore the present appeal must be dismissed for want of jurisdiction to entertain it; but I do not concur in the remaining portion thereof whereby after rejecting the appeal the opinion goes on to consider a controlling issue in the case and to decide that issue contrary to the conclusion reached thereon by the superior court in the exercise of its appellate jurisdiction, namely, whether the cause of action sued upon was such as fell within the jurisdiction of the municipal court to hear and determine. In fact, as will be noted, the opinion goes much further and assumes to adjudge that ''The purported trial in the municipal court and the purported appeal to the appellate

department of the superior court were void as beyond the jurisdiction of the respective courts," and in mandatory terms directs that the municipal court "must now transfer the cause to the superior court so that the latter court may exercise its original trial jurisdiction."

Ostensibly the effect of the above portion of the opinion is to nullify with directions the very judgment which this court holds it is without jurisdiction to review. However, if this court is correct in holding that it is without jurisdiction to consider the appeal, it must follow necessarily that it may not thereafter clothe itself with jurisdiction to adjudicate any of the controlling disputed issues presented by the abortive appeal; and that whatever it may say in that behalf must be deemed pure obiter dictum, and therefore not binding on either of the parties to the action or either of the courts against which it is directed; nor, assuming that the directions given therein be followed, would the obiter dictum become the law of the case so as to be binding on whatever appellate court may be called upon hereafter to review the same disputed question on an appeal from the judgment to be rendered by the superior court in the exercise of its original jurisdiction.

Irrespective, however, of the question of the binding effect of the obiter dictum, I disagree with the conclusion reached therein that all proceedings had in the municipal court, and those had subsequently in the superior court in the exercise of its appellate jurisdiction, were void. In order to reach that conclusion it was necessary to hold primarily that the action was one involving the "legality" of a tax, as that term is employed in section 89 of the Code of Civil Procedure; and in so holding the main opinion follows a rule of construction declared in a group of Louisiana cases, which are apparently conflicting with earlier decisions of that state, and which rule is obviously contrary to the one declared and followed universally in several other jurisdictions, including the federal. It is my view that the rule followed in these latter jurisdictions is not only sustained by the weight of authority but is the proper one to be applied in determining when an action involves the legality of a tax. Briefly stated, the rule is this: That an action does not involve the legality or validity of a tax unless the question is raised as to the *power* of the legislative body to enact the law or to impose the tax; and that where the issue to be tried pertains only to an interpretation, construction or application of particular provisions of a law

admittedly valid, it cannot be said that the action involves the legality or validity of the tax imposed thereby. Among the jurisdictions applying that rule is Arizona, wherein there exists a constitutional provision containing a clause framed in language substantially the same as that embodied in our section 89 of the Code of Civil Procedure; and in the several cases in which the Supreme Court of that state has been called upon to deal with the question it has cited authorities from the various other jurisdictions which have adopted and followed the same rule. One of the Arizona cases is *State* v. *Downen,* 17 Ariz. 365 [152 P. 857], wherein the court said: "The 'validity of a tax, impost, assessment, toll, municipal fine, or statute,' as used in the Constitution, has reference to the power to impose the tax, impost, assessment, toll, or fine, or the power of the Legislature to enact the statute involved, and has no reference to the construction of a concededly valid law or statute by which the tax, impost, assessment, toll or fine is imposed," citing *Baltimore & Potomac R. R. Co.* v. *Hopkins,* 130 U.S. 210 [9 S.Ct. 503, 32 L.Ed. 908]; *Doty* v. *Krutz,* 13 Wash. 169 [43 P. 17]; *Standard Oil Co.* v. *Angevine,* 60 Kan. 167 [55 P. 879]. In a later case, *Fee* v. *Arizona State Tax Commission,* 55 Ariz. 67 [98 P.2d 467], the same doctrine is quoted and the following additional authorities are cited in support thereof: *Sylvester* v. *Franklin County,* 90 Wash. 648 [156 P. 843]; *Town of Colonial Beach* v. *De Atley,* 154 Va. 451, [153 S.E. 734]; and in an earlier case, *Boehringer* v. *Yuma County,* 15 Ariz. 546 [140 P. 507], the court after stating the same general rule and citing other and different authorities, quotes the following from a Washington case (*Doty* v. *Krutz, supra*): "Whether an action is properly brought under a statute, whether a recovery can be had under a statute, or whether there is any statute governing a particular action, are all questions of the construction of statutes, but are not questions which go to the validity of a statute." The Arizona court then goes on to say: "If statutes are constitutional in themselves, the fact that they have been misconstrued or misapplied by the inferior tribunal is not sufficient to invoke the jurisdiction of this court," citing *State* v. *Third Justice of the Peace,* 12 La.Ann. 789; *Police Jury* v. *Manuel Villaviabo,* 12 La.Ann. 788; *State* v. *Marshall,* 47 La.Ann. 646 [17 So. 202].

An examination of the decisions rendered in *City of Madera* v. *Black,* 181 Cal. 306 [184 P. 397], and *City of Independence* v. *Hindenach,* 144 Kan. 414 [61 P.2d 124, 107

A.L.R. 645], cited in the main opinion, discloses that neither applied any rule different from that stated in the Arizona cases. In the City of Madera case the determinative question urged and considered was as to the power of the legislative body of the city of Madera to enact a certain ordinance affecting the entire city; moreover it was expressly averred in the demurrer that the action involved the legality of a tax and consequently was triable in the superior court; and upon the filing of the answer the defendant demanded that it be certified to the superior court. Likewise in the Kansas case the controlling issue presented was as to the *power* of the *legislative body* to pass the ordinance. In the Virginia case, also cited in the main opinion (*Unemployment Compensation Commission* v. *Harvey* 179 Va. 202 [18 S.E.2d 390]), the statute considered was essentially different from our code section 89 in that it included ''controversies . . . involving the *construction* of any statute, ordinance or county proceeding imposing taxes'' etc. (italics added); and the West Virginia case (*Bank* v. *County Court,* 36 W.Va. 341 [15 S.E. 78]) has little if any bearing whatever on the precise point here under discussion.

It is true that the group of Louisiana cases cited in the main opinion do hold that where an action involves the interpretation, construction or application of the provisions of a tax law, the action involves the validity or legality of the tax, notwithstanding that it is conceded that the law imposing the tax is valid and no question is raised as to the power of the legislative body to enact the law or impose the tax provided for therein. But as stated, in earlier cases the courts of that state apparently applied the doctrine universally adhered to in the other jurisdictions. Among those earlier cases are *Second Municipality* v. *Corning,* 4 La.Ann. 407; *State* v. *Rebassa,* 9 La.Ann. 305; *State* v. *Third Justice of the Peace, supra; State* v. *Marshall, supra; Police Jury* v. *Manuel Villaviabo, supra.* In that situation, and since the plaintiff herein has definitely taken the position that the municipal court had original jurisdiction, I am unwilling, in the present proceeding, in the absence of compelling reasons, to join in the obiter dictum repudiating the doctrine universally followed in the various jurisdictions above mentioned, and to stand committed to a contrary doctrine declared by a group of cases from a state wherein there exists an apparent conflict in the decisions.

Here the record shows the following: The action was

brought in the municipal court by a state agency to recover the sum of $478.68 and interest claimed to be due under the provisions of a statute known as the California Unemployment Reserves Act, it being alleged in the complaint that the defendant's employees were subject to the provisions of the act. Among the classifications of labor expressly exempted from the operation of the act are (a) agricultural labor and (b) domestic service in private homes. The defendant denied the allegations that its employees were subject to the provisions of the act and claimed that under the peculiar arrangement whereunder the men were employed and the character of the work they performed, they were brought within the exempted classification. At no time did defendant urge by way of pleading or otherwise that the Unemployment Reserves Act or any of its provisions were unconstitutional, or for any reason invalid, or that the Legislature was wanting in power to enact the law or to impose the taxes provided for therein. Thus the municipal court was called upon to decide a pure question of fact and the evidence was directed to that one issue. The evidence consisted of an agreed statement of facts, and the municipal court found therefrom that the facts were such as brought the employees within the exempted classifications, and accordingly gave judgment for the defendant. The plaintiff, claiming that the municipal court's decision was contrary to the facts, appealed to the appellate department of the superior court, and the appeal was presented on the same agreed statement of the facts. At no time on the appeal was it contended that the law was invalid, or that the Legislature was without power to enact it or to impose the taxes therein provided for. Therefore, the only question submitted to the appellate department of the superior court was whether under the peculiar facts of this particular case the municipal court was legally justified in holding that said employees were brought within the exempted classifications; and the judgment of the municipal court was reversed. Two written opinions were filed, the second being a concurring opinion by the presiding judge, and as shown by both opinions, the only question urged on the appeal, and considered and determined by the superior court was whether, under the admitted facts, the character of the work performed by said employees and the nature of their employment brought them within either of the two exempted classifications.

Subsequent to the entry of its judgment of reversal the superior court denied defendant's petition for rehearing. No

part of the petition is included in the record before us, nor is there anything therein to show upon what grounds the petition was based. It appears inferentially from plaintiff's brief that when the petition for rehearing was presented, defendant for the first time contended that the action involved the legality of a tax and that therefore the municipal court was without jurisdiction to hear the action; but even so, nowhere in the record before us does it appear that defendant has ever made the claim that the law is unconstitutional or invalid or that the Legislature did not have power to impose the taxes provided for therein. Defendant's sole contention was, and now is, that the municipal court was right and that the appellate department of the superior court was wrong in their respective determinations of the issue of whether under the admitted facts the work defendant's employees had been performing excluded them from the two exempted classifications set forth in the statute. Such being the state of the record, it is my conclusion that the appellate department of the superior court properly refused to vacate and set aside its judgment of reversal and acted entirely within the scope of its appellate jurisdiction in disposing of the appeal. I therefore limit my concurrence in the main opinion to that portion thereof which holds that the present appeal should be dismissed for want of jurisdiction to entertain it.

Appellant's and respondent's petitions for a hearing by the Supreme Court were denied June 17, 1943. Curtis, J., and Carter, J., voted for a hearing.