[Civil No. 1477.  Filed November 17, 1915.]

[152 Pac. 857.]

## STATE, Appellant, v. GEORGE T. DOWNEN, Appellee.

APPEAL AND ERROR—JURISDICTION—AMOUNT—"VALIDITY OF A TAX, IMPOST, ASSESSMENT, TOLL, MUNICIPAL FINE OR STATUTE."—Under Constitution, article 6, section 4, providing that the supreme court's appellate jurisdiction shall not extend to civil actions at law for recovery of money, where the original amount in controversy does not exceed the sum of $200, unless the action involves the "validity of a tax, impost, assessment, toll, municipal fine, or statute," the last term refers to the power to impose the tax, or the power of the legislature to enact the statute involved, and not to the construction of a concededly valid statute by which the tax is imposed, so that, in a civil action by the state, under Civil Code of 1913, paragraph 3616, to enforce the collection of the license tax of $10 per quarter imposed by paragraph 3590 on each proprietor of a billiard-table, where the validity of the statute was conceded, and the controversy was whether the tax required a payment of $10 a quarter for a license to run a poolroom, or $10 a quarter for each of six tables in the room, and where license fee for three-quarters of a year was sued for, and defendant tendered $10 per quarter fee, the actual amount in controversy was $160, and the state's appeal will be dismissed on the court's own motion for want of jurisdiction.

APPEAL from a judgment of the Superior Court of the County of Graham. A. G. McAlister, Judge. Dismissed for want of jurisdiction.

Mr. John McGowan, County Attorney, and Mr. Wiley E.
Jones, Attorney General, and Mr. Leslie C. Hardy and Mr.
George W. Harben, Assistant Attorneys General, for the State.

Messrs. Stratton & Lynch, for Appellee.

CUNNINGHAM, J.—The appellant seeks by this appeal
to have this court review a judgment of the lower court based
upon the following facts and conclusions of law:

The appellee is the proprietor of a billiard-hall, and is the
keeper of six billiard and pool tables, all kept in the same
hall or room, for playing pool and billiards. He charges
money for the use of said tables in playing games thereon.
During the period from June 30, 1914, to the date of the
judgment, March 20, 1915, appellant has paid to the county
of Graham no license or other tax on any of said tables,
though he tendered $20 in payment of the license for the
last two quarters of the year 1914, and this tender was
refused.

". . . From the foregoing findings the court draws the legal
conclusion that the plaintiff is entitled to judgment against
the defendant for the sum of $20, being the statutory license
tax of $10 per quarter for the last two quarters of the year
1914, on and for such use of said six tables, in accordance
with the requirements of paragraph 3590, Revised Statutes
of 1913, Civil Code. Therefore it is considered and adjudged
that plaintiff do have and recover of and from defendant $20,
without costs. . . . "

The complaint alleges that the defendant is the proprietor
and keeper of six billard-tables or pool-tables for the use of
which he regularly charges money, "and he has paid to said
county no license tax whatever since said 30th day of June,
1914, for or on any of said tables. . . . And defendant now
owes said county, and should forthwith pay to its sheriff, the
sum of $180 as license taxes for and on said six tables. . . .
Wherefore plaintiff demands judgment against defendant for
the sum of $180 and costs of this action."

The defendant answered, denying generally the allegations
of the complaint, and specially alleged that before the com-
mencement of the action, "to wit, on the 9th day of January,
1915, . . . this defendant tendered to T. G. Alger, sheriff of

the county of Graham, state of Arizona, as the representative
of the plaintiff herein, the full amount due to it, to wit, the
sum of twenty and 00/100 dollars, in payment and satisfac-
tion of the alleged claim and license tax sued for in this
action.''

He further alleges that the amount tendered is brought into
court, and prays that the plaintiff be required to take said
money in full settlement of its claim, and that defendant
recover costs.

The controversy involves the construction of paragraph
3590 of the Civil Code of 1913, reading as follows:

''Each proprietor or keeper of a billiard-table for the use
of which, or for playing upon which, any charge of any kind
is made, shall pay a license tax of ten dollars per quarter,
and for each ninepin or tenpin bowling-alley or any similar
device, not kept exclusively for family use, ten dollars per
quarter, and no license shall be granted for less than three
months for any such table or alley.''

The action is prosecuted in the name of the state, by the
county attorney of Graham county, to enforce the collection
of the license, under the authority of paragraph 3616 of the
Civil Code of 1913. The county attorney insists that para-
graph 3590, *supra*, must be construed as requiring a license
tax of $10 per quarter to be paid by the owner upon each
billiard or pool table kept by him, for the use of which any-
thing of value is charged, and therefore the appellee is liable
to pay $10 per quarter for two quarters of the year 1914 on
each of his six tables, or to pay $120 for the last two quarters
of the year 1914, and $60 for the first quarter of the year
1915, a total sum of $180 license tax for the three quarters
mentioned. The appellee contends that the statute should be
construed as requiring him to pay $10 per quarter as a license
to operate a pool or billiard table business, without regard to
the number of tables used in such business.

The controversy is over the meaning to be given to the stat-
ute—the proper construction of the statute. Neither party
attacks the validity of the statute, but both parties assume
the statute is a valid enactment, and as such is binding to
some extent; but they have differed as to the amount of license
tax the statute requires the license tax collector to collect,
and the proprietor or keeper of the pool or billiard tables to

pay when he keeps more than one such table. The appellant contends that when, as here, six tables are kept, a license tax of $180 is payable for three-quarters of a year, and a judg-' ment for that sum is demanded. The appellee contends that he as such keeper is required to pay $10 per quarter, and that he tendered $20 in payment of said license tax for the last two quarters of the year 1914, and therefore he is liable for only $20 license tax, and the lower court so held.

Clearly, the original amount in controversy is $180 in any event. The actual amount in controversy is $160, because the defendant appellee never denied owing $20 as a license tax for two quarters. This court has appellate jurisdiction "in all actions and proceedings, but its appellate jurisdiction shall not extend to civil actions at law for recovery of money or personal property where the original amount in controversy, or the value of the property, does not exceed the sum of two hundred dollars, unless the action involves the validity of a tax, impost, assessment, toll, municipal fine, or statute." Section 4, article 6, State Constitution.

The "validity of a tax, impost, assessment, toll, municipal fine, or statute," as used in the Constitution, has reference to the power to impose the tax, impost, assessment, toll, or fine, or the power of the legislature to enact the statute involved, and has no reference to the construction of a concededly valid law or statute by which the tax, impost, assessment, toll, or fine is imposed. *Baltimore & Potomac R. R. Co.* v. *Hopkins,* 130 U. S. 210, 32 L. Ed. 908, 9 Sup. Ct. Rep. 503; *Doty* v. *Krutz,* 13 Wash. 169, 43 Pac. 17; *Standard Oil Co.* v. *Angevine,* 60 Kan. 167, 55 Pac. 879. This is a civil action at law for the recovery of money, where the original amount in controversy does not exceed the sum of $200, and the action does not involve the validity of a tax, impost, assessment, toll, municipal fine nor statute. This court has no jurisdiction under the constitutional inhibition, *supra,* to entertain the appeal.

For that reason, this court, of its own motion, recognizes the want of jurisdiction in this case (11 Cyc. 701, 3), and orders that the appeal be, and the same hereby is, dismissed.

Dismissed.

ROSS, C. J., and FRANKLIN, J., concur.