[Civ. No. 12284. Second Appellate District, Division Two.—June 5, 1939.]

A. LEAMAN DAVIS et al., Appellants, v. THE CITY OF SAN DIEGO (a Municipal Corporation) et al., Respondents.

Hillyer & Boldman and Bertrand L. Comparet for Appellants.

Dayton L. Ault, City Attorney, and James J. Breckenridge, Deputy City Attorney, for Respondents.

The following opinion was prepared by the late Mr. Presiding Justice Crail and is adopted and published as the opinion of the court.

THE COURT.—This is an appeal from a judgment after the sustaining of a demurrer without leave to amend. The question is: Did the complaint state a cause of action? The complaint alleges that the plaintiffs are engaged in the personal property loan business in San Diego; that on or about the 26th day of May, 1936, the common council of the defendant city adopted and enacted Ordinance No. 915 (new series), and that said ordinance is entitled, "An Ordinance providing for licensing and regulating the carrying on of certain professions, business, trades, callings and occupations in the City of San Diego," etc.; that under the ordinance it is unlawful to engage in the businesses designated therein without first having secured a license; that under said ordinance the chief of police is required to detail at least two police officers to act as license inspectors and that it is the duty of the inspectors to investigate and report on all matters of licenses applied for; that upon the contents of the report of the license inspector the chief of police may grant or deny the application; that upon demand each applicant must furnish his finger-prints and photograph to the chief of police; that personal property brokers are required by section 73 of the ordinance to pay $100 per year for a license to do business; that anyone violating the ordinance shall be deemed guilty of a misdemeanor and subject to a fine of $500 or imprisonment in the city or county jail for a period of six months, or both such fine and imprisonment; "8. That the said Section 73 of said Ordinance is unconstitutional, invalid and void, and in direct conflict with and repugnant to the Personal Property Brokers Act as enacted by the legislature of the State of California now in full force and effect. 9. That the said Section 73 of the City Ordinance is regulatory; that it is a reenactment of similar sections in previous ordinances; that the Common Council first enacted said section about ten years ago at the request of the personal property brokers then doing business in San Diego; that the purpose of the original ordinance was to provide police regulation to prevent irresponsible and nonresident persons from engaging in said business in

San Diego except under police supervision; that each re-enactment of the said section and the present Section 73 of Ordinance 915 (New Series) was enacted by the City Council for regulatory purposes and for no other purpose. 10. That notwithstanding said Section 73 of said Ordinance was enacted for regulatory purposes, it is now the intent, purpose and determination of the defendants to enforce Section 73 of the said Ordinance *as a license for revenue only;* that no right exists under the said Ordinance by which defendants may so enforce Section 73 thereof.'' The complaint prays for an injunction restraining the city from enforcing the ordinance against the plaintiffs.

The defendants seem to admit the plaintiffs' contention and therefore we assume it to be true—that if the ordinance was enacted by the city council for regulatory purposes and for no other purpose, it has been wholly superseded by the Personal Property Brokers Act as enacted by the legislature of the State of California and now in full force and effect.

It is the contention of the defendants that, ''These allegations [paragraph 9, which we have set out in full above] were not only conclusions of law, but likewise were mere hearsay statements, irrelevant and self-serving declarations and, as such, tendered no issue.''

In the case of *County of Plumas* v. *Wheeler,* 149 Cal. 758, 763–767 [87 Pac. 909], a situation much like the instant case was before the Supreme Court. The board of supervisors of that county passed an ordinance ostensibly for the purpose of regulating the business of grazing sheep, but it was attacked on the ground that the license fee charged was greatly in excess of the amount necessary to cover the cost of regulation, and that the ordinance, therefore, although ostensibly for regulation, was actually being enforced for purposes of revenue. The court held that the reasonableness of the fee for regulatory purposes (and therefore whether the actual purpose was regulation or revenue) was a question of fact to be determined by a jury.

Under somewhat similar circumstances an ordinance of Lassen County requiring the payment of a license fee ostensibly for purposes of regulation came before the court in *In re McCoy,* 10 Cal. App. 116 [101 Pac. 419]. Again the ordinance was attacked on the ground that ''the purpose of the ordinance and license tax is revenue and not regulation''. The evidence came up on *habeas corpus,* and

the District Court of Appeal ordered evidence to be taken before the referee, and the court said: "In the sense in which the term 'purpose' is used in the act, evidence is admissible which would tend to show that revenue and not regulation was the object or end to be attained; and also as bearing upon the necessity for and extent and character of the regulation required to be given the business. . The court will consider the 'circumstances in the light of existing conditions'. (*In re Smith,* 143 Cal. 368 [77 Pac. 180].)" And the court goes on to list many different circumstances which might be brought in evidence and from which the court would judge the actual, rather than the ostensible, purpose of the legislation. (See, also, *People* v. *Ventura Refining Co.,* 204 Cal. 286, 291 [268 Pac. 347, 283 Pac. 60]; *Coulter* v. *Pool,* 187 Cal. 181, 185 [201 Pac. 120]; *Sales* v. *Stewart,* 134 Cal. App. 661, 664 [26 Pac. (2d) 44]; *Crowe* v. *Boyle,* 184 Cal. 117, 125 [193 Pac. 111]; *In re Bock,* 125 Cal. App. 375, 381 [13 Pac. (2d) 836].)

The defendants' contention that the plaintiffs' allegations that the license tax was imposed for the purpose of regulation are "conclusions of law, hearsay statements, irrelevant matter and self-serving declarations and, as such, tender no issue" is without merit. The objection might be a good one to certain kinds of evidence. Pleadings are meant to be self-serving and pleadings based upon hearsay are expressly authorized. The allegations in question are neither irrelevant nor conclusions of law—they are allegations of ultimate fact. In our view the complaint states a cause of action, and the judgment should be reversed.

Judgment reversed.