[Civil No. 4168. Filed January 29, 1940.]

[98 Pac. (2d) 467.]

ARCH G. FEE, Appellant, v. ARIZONA STATE TAX COMMISSION, Appellee.

68

Messrs. Darrow & Diehl, for Appellant.

Mr. Joe Conway, Attorney General, and Mr. Allan K. Perry, Special Assistant Attorney General, for Appellee.

ROSS, C. J.—Appellant, Dr. Arch G. Fee, on March 15, 1938, made a return to the State Tax Commission of a net income of $7,516.89 for the year 1937 for taxation. During such year he was married, his family consisting of himself, wife and a minor child, and therefore his income belonged to the community. He calculated the tax on the aggregate of the income and

paid thereon $76.59 as "first installment." Thereafter he filed a claim with the tax commission for $12.85 refund as overpayment, which was disallowed. He also filed objections to the income assessment made by himself, on the ground that he failed through ignorance of the law to segregate his one-half from the one-half of his wife. This objection was also disallowed by the tax commission.

He thereupon appealed from the decision of the Tax Commission to the Superior Court of Pima County, where he has his residence. The court heard the matter and affirmed the order of the Tax Commission, except as to the amount of unpaid taxes, it being conceded that the correct amount of such taxes on the return, less credits, was $116.24 and not $151.59 as computed by Dr. Fee. The court credited Dr. Fee with $76.59 paid and entered judgment for $39.65 and interest.

The jurisdiction of this court to entertain the appeal is questioned by the appellee, on the grounds that the amount in controversy does not exceed two hundred dollars, and there is not involved "the validity of a tax, impost, assessment, toll, municipal fine, or statute," one of which, under the Constitution, article VI, section 4, is essential to appellate jurisdiction of this court.

The amount in controversy is the amount of the judgment, $39.65, not enough to confer jurisdiction, and if the validity of the tax or assessment or the statute providing for the tax is not involved there is no appellate jurisdiction.

Section 16, chapter 8, First Special Session, Laws of 1933, as amended by section 1, chapter 34, Laws of 1937, provides:

"16. Filing Reports. (a) . . . every person other than a corporation who received during the year a gross income of five thousand dollars or over, or a net

income of one thousand dollars or over, if single, or two thousand dollars or over, if married, . . . shall, on or before March 15 of each year . . . file with the commission a report of income in such manner and form and setting forth such facts, necessary to the enforcement of the provisions of this act, as the commission shall prescribe; . . .

"(h) Married persons living together as husband and wife may make separate reports or join in a single joint report of income."

Section 17, chapter 8, First Special Session, Laws of 1933, provides:

"Sec. 17. Computation of tax. (a) The basis of assessment of taxable income shall be the net income of the preceding income year; . . .

"(b) In the case of married persons living together as husband and wife, who make separate reports, each shall return the separate income of the individual and one-half of the community income, and the deduction allowed by Section 14, subsection (b), shall be allowed but once and divided equally."

(Note: Section 14, subsection (b), referred to in section 17, *supra,* has been amended to increase deduction permitted. Section 2, chapter 80, Laws of 1935.)

Under the above provisions of the law, Dr. Fee and his wife were given the option to file separate reports or join in a single report of their income.

 It might be said the wife did not join in the return and therefore the return was not legal. That would not go to the validity of the tax or the assessment. The husband, under our law, is the head of the family and its agent in the control and management of the community: *LaTourette* v. *LaTourette,* 15 Ariz. 200, 137 Pac. 426, Ann. Cas. 1915B 70; *Poe* v. *Seaborn,* 282 U. S. 101, 51 Sup. Ct. 58, 75 L. Ed. 239; *Goodell* v. *Koch,* 282 U. S. 118, 51 Sup. Ct. 62, 75 L. Ed. 247; and a return of the whole community income by him should be treated as a substantial compliance with the law.

■■ The controversy is over the manner of computing the tax and not its validity or the validity of the statute authorizing it. If computation had been at the rate in the lower brackets, as would be the case if separate returns had been made, the appellant would be satisfied but since the computation was made upon the aggregate of the income he is dissatisfied. The controversy is over the amount of the tax and not its validity. The question is one of interpretation and construction of the income tax statute and an erroneous construction or misapplication of the statute by the Tax Commission or the trial court will not give the Supreme Court appellate jurisdiction. *Boehringer* v. *Yuma County,* 15 Ariz. 546, 140 Pac. 507. In *State* v. *Downen,* 17 Ariz. 365, 152 Pac. 857, 858, we said:

"The 'validity of a tax, impost, assessment, toll, municipal fine, or statute,' as used in the Constitution, has reference to the power to impose the tax, impost, assessment, toll, or fine, or the power of the Legislature to enact the statute involved, and has no reference to the construction of a concededly valid law or statute by which the tax, impost, assessment, toll, or fine is imposed. . . . "

See, also, *Sylvester* v. *Franklin County,* 90 Wash. 648, 156 Pac. 843; *Town of Colonial Beach* v. *De Atley,* 154 Va. 451, 153 S. E. 734.

■ We conclude the Supreme Court has no appellate jurisdiction of the case because it is a civil action at law for the recovery of money only, and the amount in controversy is less than two hundred dollars, and it does not involve "the validity of a tax, impost, assessment, toll, municipal fine, or statute."

The appeal is dismissed.

LOCKWOOD and McALISTER, JJ., concur.