[Civ. No. 12605.   First Dist., Div. One.   Feb. 7, 1944.]

CALIFORNIA EMPLOYMENT STABILIZATION COMMISSION, Petitioner, v. THE MUNICIPAL COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

782

Robert W. Kenny, Attorney General, Clarence A. Linn, Deputy Attorney General, Forrest M. Hill and Charles P. Scully for Petitioner.

William E. Kidd and S. L. Clark for Respondents.

PETERS, P. J.—Petitioner, the California Employment Stabilization Commission, brought an action in the Municipal Court of the City and County of San Francisco to recover unemployment insurance taxes in the sum of $251.27 alleged to be due from Waters and Ross, co-partners. Defendants

filed an answer in which they denied that they "have been employers within the meaning of the Act mentioned, at the time mentioned, or at any other time"; denied that they "ever have been or are now subject to the said statute"; and denied "that any employments with which these defendants were concerned were subject to the said Act." As a separate defense, defendants alleged that the payments made by them, and referred to in the complaint, were made to certain persons as independent contractors and not as employees of defendant. Thus, the controversy, as disclosed by the pleadings, is over whether certain persons, to whom Waters and Ross admittedly made payments, were employees subject to the taxing act, or were independent contractors not subject to the act.

After the filing of the answer the petitioner moved the municipal court to transfer the action to the superior court on the grounds that it involved the legality of a tax, and that the superior court has exclusive jurisdiction over such a controversy. The motion was denied and the cause set for trial. Petitioner thereupon petitioned this court for a writ of prohibition to restrain further proceedings in the municipal court. This court issued an alternative writ of prohibition and also, in order to grant full relief, an alternative writ of mandamus to compel, if the facts should warrant such relief, the transfer of the cause to the proper court.

The technical respondents and the real parties in interest have filed a demurrer to the petition unsupported by points and authorities, and have filed no other opposition to the issuance of the writs.

Section 89 of the Code of Civil Procedure denies to the municipal court and confers upon the superior court exclusive jurisdiction over cases involving "the legality of any tax, impost, assessment, toll or municipal fine." ■ Under the provisions of section 396 of the Code of Civil Procedure it is made the mandatory duty of the municipal court to transfer cases improperly in that court to the superior court whenever it shall appear—either from the pleadings or at the trial—that the cause is not within the jurisdiction of the municipal court.

■ The complaint here involved was framed on the theory that the defendants named were employers within the meaning of the act and had not paid the tax imposed by the

statute. The complaint, therefore, did not disclose that "the legality of any tax" was involved, and since the amount sued for was within the monetary jurisdiction of the municipal court, so far as the complaint is concerned, the action was within the jurisdiction of the municipal court. But the answer directly denies that Waters and Ross are employers within the meaning of the taxing statute, and avers that the alleged employees are in fact independent contractors.

That such a controversy involves "the legality of any tax," as those terms are used in section 89 of the Code of Civil Procedure is no longer open to question. The precise question as to whether a controversy over the validity of a tax levy, where the employer denies that he is subject to the very tax statute here under discussion, involves "the legality of any tax" within the meaning of section 89 was recently passed upon by this court in the case of *Unemployment etc. Com.* v. *St. Francis Homes Assn.*, 58 Cal.App.2d 271 [137 P.2d 64]. In that case, as in the instant one, the defendants, by answer, denied that they were employers within the meaning of the act. It was urged that the phrase "legality of any tax" as used in section 89 of the Code of Civil Procedure had no application to controversies over the validity of a tax assessment where the validity of the taxing statute was not challenged. The majority of this court held that the phrase in question applied to controversies involving the validity of the tax assessment. The discussion is so directly applicable to the present controversy that we quote therefrom at some length. At page 280 it is stated:

"The question thus presented is whether such a controversy involves the 'legality of any tax' as those words are used in section 89 of the Code of Civil Procedure denying jurisdiction over such a controversy to the municipal court. The attorney general argues that the phrase applies only to cases involving the 'legality' of the taxing statute, and does not apply to cases involving the validity of the levy of the tax as applied to a particular taxpayer—that is, does not apply to a case where the question is whether a particular taxpayer, or a particular tax, comes within the taxing statute.

"To reach the construction contended for by the attorney general, it is necessary to read into the phrase 'legality of any tax' the word 'statute,' so that the phrase would read 'legality of any tax statute.' The phrase under consideration

is 'the legality of any tax'; not 'the legality of any tax *statute.*' The 'legality' of a 'tax' is involved when the taxpayer contends that the tax is illegally assessed or levied against him. It is the essence of the contention of the taxpayer in such a situation that the tax is illegal. To say that such a case does not involve the 'legality' of a 'tax,' is to fail to give effect to the language used in the statute.

"Practical considerations lead to the same conclusion. The provision was inserted in the Municipal Court Act for the same reason that the Supreme Court is given, by article VI, section 4, of the Constitution, appellate jurisdiction of such cases. The intent was that municipal courts should not decide such cases because there would then be no appeal to the higher appellate courts. Most tax cases are test cases. Few involve the validity of the statute. Most tax cases involve the interpretation of the taxing statute and the legality of a levy against a particular taxpayer. It is in the public interest that the Supreme Court should decide such cases in order that such questions can be finally determined for the entire state. If it should be held that municipal courts have jurisdiction of such cases with appeal to the appellate department of the superior court there would be no way of securing a decision that would be binding authority in the state. On close questions there would always be the possibility of conflicting decisions with consequent confusion in the enforcement of tax statutes. It was undoubtedly for these reasons that the Legislature saw fit to deny jurisdiction of such cases to municipal courts. ■ The provisions of the Constitution, or of a statute, should receive a practical, rather than a technical, construction (*Reuter* v. *Board of Supervisors,* 220 Cal. 314 [30 P.2d 417]) ; one leading to a wise policy rather than of 'mischief or absurdity.' (*Bakkenson* v. *Superior Court,* 197 Cal. 504, 510 [241 P. 874] ; see, also, *McMillan* v. *Siemon,* 36 Cal.App.2d 721 [98 P.2d 790].)

"As was said in *City of Madera* v. *Black, supra* [181 Cal. 306 (184 P. 397)], p. 311, in referring to the very phrase in question: 'The general purpose of that provision [imposing a tax or impost] obviously is to give to the sovereign power of the state, whether exercised generally or locally, the protection of having the legality of any exaction of money for public uses or needs cognizable in the first instance in the superior courts alone. In view of this purpose, it is apparent that the words used should be applied in their broadest sense

with respect to moneys raised for public purposes or needs. The conclusion necessarily follows that the particular charge here involved comes within the constitutional provision and that any case in which the legality of such a charge is involved is within the exclusive original jurisdiction of the superior court. Upon the filing of the answer it fully appeared that the legality of the charge was involved in the action. The recorder should thereupon have certified the papers and transferred the cause to the superior court.' The phrase appears in the constitutions and statutes of several of the states. There are a few states that have followed the lead of Arizona (*State* v. *Downen*, 17 Ariz. 365 [152 P. 857]; *Fee* v. *Arizona State Tax Commission*, 55 Ariz. 67 [98 P.2d 467]) and hold that the phrase 'legality of any tax' limits jurisdiction to cases involving the legality of the taxing statute, and does not extend jurisdiction to cases involving the legality of the levy or assessment. Other states have followed the well reasoned cases in Louisiana (*State ex rel. Grosjean* v. *Standard Oil Co. of La.*, 182 La. 577 [162 So. 185]; *State* v. *Whitehead Motor Co.*, 179 La. 710 [154 So. 912]; *State* v. *Armbruster*, 174 La. 41 [139 So. 753]; *State* v. *Rosenstream*, 52 La.Ann. 2126 [28 So. 294]), and hold that while the phrase in question does not extend jurisdiction over cases involving merely the computation of the tax, it does extend jurisdiction over cases involving the validity of the levy and the interpretation of the taxing statute. (See, generally, *Unemployment Compensation Commission* v. *Harvey*, 179 Va. 202 [18 S.E.2d 390]; *City of Independence* v. *Hindenach*, 144 Kan. 414 [61 P.2d 124, 107 A.L.R. 645]; *Bank* v. *County Court*, 36 W.Va. 341 [15 S.E. 78].) For reasons already stated, we believe that, if the language involved be given its ordinary meaning, there can be no doubt but that cases involving the legality of a particular levy fall within the phrase.

■ "From the foregoing it follows that the municipal court had no jurisdiction to try the issue presented. Exclusive trial jurisdiction of the controversy rests in the superior court."

■ At the oral argument counsel for Waters and Ross, while not denying that the above reasoning, if sound, compels the conclusion that the superior court has exclusive jurisdiction over the controversy in question, contended that the above reasoning was not sound, and that what was said in

the St. Francis Homes Association case, *supra,* was merely dicta, and should not be followed. It is our opinion that the above holding was not dictum, but constituted an alternative ground of the decision. "It is well settled that where two independent reasons are given for a decision, neither one is to be considered mere dictum, since there is no more reason for calling one ground the real basis of the decision than the other. The ruling on both grounds is the judgment of the court and each is of equal validity." (*Bank of Italy etc. Assn.* v. *Bentley,* 217 Cal. 644, 650 [20 P.2d 940]; see, also, *People* v. *Reid,* 195 Cal. 249 [232 P. 457, 36 A.L.R. 1435]; *East Bay Municipal Utility Dist.* v. *Kieffer,* 99 Cal.App. 240 [278 P. 476, 279 P. 178]; *Union Pac. Ry. Co.* v. *Mason City & Ft. D. R. Co.,* 199 U.S. 160 [26 S.Ct. 19, 50 L.Ed. 134]; 7 Cal.Jur. 641, § 45.)

However, even if it be conceded that the holding in the St. Francis Homes Association case, *supra,* was dictum, we are convinced that, treating the problem involved as a new problem, such holding was correct. We therefore adopt the portions of the opinion in the St. Francis Homes Association case above quoted as the opinion of the court in the instant case.

It follows that the municipal court has no jurisdiction to try the controversy here involved, and for that reason a peremptory writ of prohibition should issue to prevent that court from continuing to exercise jurisdiction over the controversy. A peremptory writ of mandamus should also issue to compel the municipal court to transfer the cause to the superior court pursuant to the mandatory provisions of section 396 of the Code of Civil Procedure.

It is so ordered.

Ward, J., and Dooling, J. pro tem., concurred.