[Civ. No. 15125. Second Dist., Div. Two. Apr. 11, 1946.]

CALIFORNIA EMPLOYMENT STABILIZATION COMMISSION, Appellant, v. CITIZENS NATIONAL TRUST & SAVINGS BANK, as Executor, etc., Respondent.

916

Robert W. Kenny, Attorney General, and Clarence A. Linn and Doris H. Maier, Deputies Attorney General for Appellant.

No appearance for Respondent.

WILSON, J.—The complaint alleges that decedent, Alice Boyer, was in her lifetime an employer as defined in section 9 of the Unemployment Insurance Act and was subject to the provisions of the statute; that she made payments of wages with respect to employments subject to said act; that the commission had found that she had failed to pay contributions in the sum of $121.56 and prayed for judgment in said amount, with interest as provided by statute. The answer of the executor of the estate (erroneously named as administrator in the complaint, substitution having been made at the time of trial) denied all of said allegations.

When the case was called for trial defendant objected to any proceedings on the ground that the court was without jurisdiction in that the amount sued for was not within the jurisdiction of the superior court. The objection was sustained and the court ordered a judgment of dismissal to be entered.

Plaintiff's counsel asked that the ruling be set aside in order that he might make a motion for a transfer of the action to the municipal court. The motion was denied. Plaintiff appeals from the judgment of dismissal.

If the legality of a tax was involved the court should have proceeded with the trial; if not, the case should not have been dismissed, but should have been treated as an ordinary action to recover money due and unpaid and transferred to the municipal court. (Code Civ. Proc., § 396; *Booge* v. *First Trust & Sav. Bank,* 46 Cal.App.2d Supp. 879, 883 [116 P.2d

503]; *Morgan* v. *Somervell,* 40 Cal.App.2d 398 [104 P.2d 866]. See, also, *Roos* v. *Jansen,* 30 Cal.App.2d Supp. 773, 777 [78 P.2d 476].)

 The denial by defendant of the allegations that the decedent, Alice Boyer, was an employer within the meaning of the statute and had not made the contributions for which she was legally liable, created a controversy which involved the legality of a tax and deprived the municipal court of jurisdiction. (Code Civ. Proc., § 89, subd. 1(a).) The legality of a tax is involved when the taxpayer denies liability for the amount sued for as well as when the validity of the statute is brought into question. The claim that the phrase "legality of any tax" as used in said section was inapplicable where the validity of the taxing statute was not challenged, was rejected in *Unemployment Reserves Com.* v. *St. Francis Homes Assn.,* 58 Cal.App.2d 271, 280 [137 P.2d 64], and in *California Employment etc. Com.* v. *Municipal Court,* 62 Cal.App.2d 781, 784 [145 P.2d 361]. In the St. Francis Homes case the court said: "The 'legality' of a 'tax' is involved when the taxpayer contends that the tax is illegally assessed or levied against him. It is the essence of the contention of the taxpayer in such a situation that the tax is illegal." It follows that this action was within the jurisdiction of the superior court.

The judgment is reversed with directions to the trial court to proceed with the trial of the action.

McComb, J., concurred.