Appellate Department, Superior Court, Alameda

[Civ. A. No. 268.   Feb. 2, 1959.]

PAUL W. COWLES, Appellant, v. CITY OF OAKLAND, Respondent.

Paul W. Cowles, in pro. per., for Appellant.

John W. Collier, City Attorney, and Frederick M. Cunningham, Deputy City Attorney, for Respondent.

CHAMBERLAIN, J.—This is an appeal by the plaintiff from a judgment in favor of the defendant, rendered after the municipal court had sustained defendant's demurrer to the complaint without leave to amend.

By the complaint and an amendment thereto, neither of which is a model of pleading, the plaintiff seeks to recover from the defendant the sum of $12 which he alleges he paid to the city license fee collector "under duress and fear of criminal prosecution" for the issuance of an annual "Municipal Permit" in October, 1957, pursuant to the provisions of a 1932 city ordinance.

The further allegations of the complaint and amendment may be summarized as follows: In 1932 the city enacted an ordinance (Oakland Municipal Code, §§ 5-1.02 et seq.) requiring the payment of an annual "license tax" or fee by any person carrying on any business within the city, the amount of the tax or fee being computed upon the number of persons employed in the business. Although the ordinance expressly provided—and still provides—that the payment required was "a tax for revenue purposes and are not regulatory permit fees," the true primary purpose of the ordinance "is for regulation and not revenue." Since 1933 plaintiff has been and is carrying on a printing business in the city and has each year paid for and obtained a license as required by the ordinance. Since 1940 plaintiff has had a state sales tax license, issued pursuant to the Sales and Use Tax Law (Rev.

& Tax. Code, § 6001 et seq.). In 1946 the city enacted an ordinance levying a city sales tax and requiring that every person selling tangible personal property at retail within the city obtain a city permit upon the payment of a fee. In 1946 the city treasurer issued to plaintiff, pursuant to the 1946 ordinance, Business Permit Number 439, which has never been revoked or cancelled. After plaintiff had under protest paid the $12 and received a license under the 1932 ordinance, he returned the license to the city and filed a claim for the return of the $12. On August 19th, 1958, his claim was denied when the city council adopted Resolution Number 37392, reciting that ''said fee was not a tax, percentage or cost erroneously or illegally collected.''

In its essence, plaintiff's action to recover the $12 fee is based upon two theories: (1) that, since he already had the 1946 permit, the city was without power to exact from him a fee for the 1957 permit; and (2) that the 1932 Ordinance levying a business tax was ''for regulation and not for revenue'' and the $12 paid by the plaintiff was ''a permit fee and not a tax fee,'' and therefore the city was without power to require the plaintiff to purchase the ''Seller's Permit'' because, by enacting the Sales and Use Tax Law the state had entered and occupied the field of regulating business to the exclusion of municipal power to do so.

The trial court sustained defendant's demurrer to the complaint as amended, without leave to further amend, on the ground that it appeared from the complaint that the action involved the legality of a ''tax, impost, assessment, toll, or municipal fine,'' as those words are used in section 89, subdivision (a) of the Code of Civil Procedure defining the original jurisdiction of municipal courts, and therefore the municipal court did ''not have jurisdiction over the proceedings and for the relief sought in the Complaint.''

At the outset it is appropriate to discuss a preliminary contention made by the city on this appeal: In the city's brief it is asserted that, after the municipal court had sustained the city's demurrer without leave to amend, plaintiff ''orally advised said court he wished judgment entered thereon so that he might commence this appeal.'' Nowhere does it appear in the record on appeal that plaintiff-appellant made any such request, but the statement in defendant's brief is not controverted. Based on the assumption that such an oral request was made by the plaintiff-appellant, the city invokes the doctrine of ''invited error'' and, because plaintiff

requested the rendition of the judgment from which this appeal is taken, contends he should not now be heard to allege that the judgment was erroneous. Since no such "request" is disclosed by the appellate record upon which we must decide this case, this court would be justified in dismissing the defendant's contention without further discussion, but in our opinion the contention should not be sustained for the additional reason that throughout the proceedings in this action plaintiff, a layman, has appeared in his own behalf without an attorney and was obviously desirous of obtaining a ruling from the municipal court from which he could appeal, and an application of the doctrine of invited error would not be fair or equitable to him. As was said in *Pete* v. *Henderson* (1954), 124 Cal.App.2d 487, at 491 [269 P.2d 78], "While the fact that a layman litigant elects to represent himself does not relieve him of the duty of observing legal rules, . . . that fact should be considered in determining whether, in a situation where the trial court has discretion to act to relieve the lay litigant from his default, that discretion should be exercised." A similar discretion should, we believe, be exercised by the appellate court in this case.

Plaintiff contends on appeal that the municipal court did have jurisdiction of the action because the controversy does not involve the validity of a "tax," but rather the validity of a "permit fee." In other words, plaintiff construes the words "tax," "impost," "toll," and "municipal fine" as they appear in Code Civ. Proc. 89, subdivision (a), to exclude the fee paid by him under protest because—he says—said fee was a "permit fee" exacted by a regulatory measure rather than by a true tax-raising ordinance.

The appellate jurisdiction of the Supreme Court is described in section 4 of article VI of the Constitution as including "all cases at law which involve . . . the legality of any tax, impost, assessment, toll, or municipal fine . . ." The words just quoted are exactly the same language as is used in Code of Civil Procedure, section 89, subdivision (a), to exclude such cases from the original jurisdiction of municipal courts. That language has received the attention of the appellate courts of this state in a number of cases.

In *City of Madera* v. *Black* (1919), 181 Cal. 306 [184 P. 397], the plaintiff city was seeking to recover $23 as monthly sewage rates due from a property owner under a municipal ordinance requiring the payment of rates for connecting a city sewer system with private dwellings; the defendant re-

sisted the action on the ground that the ordinance was invalid and that the rates or charges were extravagant and exorbitant and were imposed for the purpose of raising revenue to defray general municipal expenses rather than to pay for the actual cost and maintenance of the sewer system. The complaint in that case was filed in a recorder's court, a court of limited jurisdiction just as is the municipal court in the case at bar. ▮ In considering the jurisdictional question whether the case involved the validity of a "tax, impost, assessment, toll or municipal fine," the Supreme Court said (at p. 310) :

"A tax, in the general sense of the word, includes every charge upon persons or property, imposed by or under the authority of the legislature, for public purposes. (*Perry* v. *Washburn*, 20 Cal. 350; *People* v. *McCreery*, 34 Cal. 454.) ▮ The word 'impost,' in its broader sense, means 'any tax or tribute imposed by authority, and applies as well to a tax on persons as to a tax on property.' . . . The money for which the plaintiff sued was a charge upon persons; it was imposed by the legislative authority of the city of Madera for public purposes, and under these definitions it was a tax; also, it was a tribute or contribution required by legislative authority and to be used for public purposes, and so comes within the definition of the word 'impost.' . . .

"The general purpose of that provision obviously is to give to the sovereign power of the state, whether exercised generally or locally, the protection of having the legality of any exaction of money for public uses or needs cognizable in the first instance in the superior courts alone. In view of this purpose, it is apparent that the words used should be applied in their broadest sense with respect to moneys raised for public purposes or needs. The conclusion necessarily follows that the particular charge here involved comes within the constitutional provision and that any case in which the legality of such a charge is involved is within the exclusive original jurisdiction of the superior court. Upon the filing of the answer it fully appeared that the legality of the charge was involved in the action. The recorder should thereupon have certified the papers and transferred the cause to the superior court."

The Madera case was cited and quoted with approval in *Unemployment Reserves Com.* v. *St. Francis Homes Assn.* (1943), 58 Cal.App.2d 271, 281 [137 P.2d 64]. ▮ In the

latter case, in which the Supreme Court denied a hearing, the District Court of Appeal said:

"The 'legality' of a 'tax' is involved when the taxpayer contends that the tax is illegally assessed or levied against him. It is the essence of the contention of the taxpayer in such a situation that the tax is illegal. To say that such a case does not involve the 'legality' of a 'tax,' is to fail to give effect to the language used in the statute.

"Practical considerations lead to the same conclusion. The provision was inserted in the Municipal Court Act for the same reason that the Supreme Court is given, by article VI, section 4, of the Constitution, appellate jurisdiction of such cases. The intent was that municipal courts should not decide such cases because there would then be no appeal to the higher appellate courts. Most tax cases are test cases. Few involve the validity of the statute. Most tax cases involve the interpretation of the taxing statute and the legality of a levy against a particular taxpayer. It is in the public interest that the Supreme Court should decide such cases in order that such questions can be finally determined for the entire state. If it should be held that municipal courts have jurisdiction of such cases with appeal to the appellate department of the superior court, there would be no way of securing a decision that would be binding authority in the state. On close questions there would always be the possibility of conflicting decisions with consequent confusion in the enforcement of tax statutes. It was undoubtedly for these reasons that the Legislature saw fit to deny jurisdiction of such cases to municipal courts." See also *California Employment Stab. Com.* v. *Citizens etc. Bank* (1946), 73 Cal.App.2d 915 [167 P.2d 752]; *Yosemite Lumber Co.* v. *Industrial Acc. Com.* (1922), 187 Cal. 774, 783 [204 P. 226, 20 A.L.R. 994]; 13 Cal.Jur.2d, Courts, 569, § 69; and Witkin's California Procedure, vol. I, pp. 303-305.

In our opinion the narrow construction of the words "tax, impost, toll or municipal fine" contended for by plaintiff is not correct. "Tax," as used in Code of Civil Procedure, section 89, subdivision (a), must be held to include the charge or fee which the plaintiff alleges was unlawfully exacted from him by the city, and the complaint must be held to disclose on its face that this case involves the legality of a tax and was therefore outside the original jurisdiction of the municipal court.

Plaintiff places great reliance on the cases of *Davis* v. *City*

*of San Diego* (1939), 33 Cal.App.2d 190 [91 P.2d 640], *County of Plumas* v. *Wheeler* (1906), 149 Cal. 758 [87 P. 909], and *City & County of San Francisco* v. *Boss* (1948), 83 Cal.App.2d 445 [189 P.2d 32]. In each of those cases, however, the question discussed was whether a complaint seeking either the payment or the recovery of a fee or charge, stated a cause of action, not whether the trial court had jurisdiction over the action. Since we conclude that the defendant's demurrer in this case was properly sustained on the ground that the municipal court did not have jurisdiction of the action, we do not reach the question whether the complaint herein stated a cause of action; as we said at the outset, neither the complaint nor the amendment thereto is a model of pleading.

■ The question remains, whether the municipal court here properly rendered judgment "that plaintiff, Paul W. Cowles, take nothing from the defendant" and that the defendant recover costs. At the oral argument defendant's counsel conceded that the municipal court should have transferred this action to the superior court pursuant to Code of Civil Procedure, section 396, when it appeared that the court lacked "jurisdiction of the subject matter thereof, as determined by the Complaint." We concur in that view. That code section provides that in such a situation the action *"shall,* on the application of either party, *or on the court's own motion,* be transferred to a court having jurisdiction . . . ." (Emphasis added.)

See *Booge* v. *First Trust & Savings Bank* (1941), 46 Cal. App.2d Supp. 879, 883 [116 P.2d 503]; *Calif. Emp. Stab. Com.* v. *Citizens' etc. Bank, supra*; and 13 Cal.Jur.2d, Courts, 625, § 101.

However, it would not be proper for this appellate department to order a transfer to the superior court for the exercise of the latter court's original jurisdiction. Rather, we believe, the judgment should be reversed and the action remanded to the municipal court, with direction to transfer this action to the Superior Court of Alameda County under the provisions of Code of Civil Procedure, section 396, and it is so ordered.

Wagler, P. J., and Hoyt, J., concurred.